Transportation Co. v. Palmer.

MISSOURI & KANSAS TRANSPORTATION CO. V. ALFRED
PALMER.

1. CASE-MADE—*Must be Complete; Original to be Filed with Petition in Error.* A case-made must be complete and perfect when settled, signed, and attested. To be available on review in error in the supreme court, the original case-made must be attached to and filed with the petition in error; and it must contain a statement of so much of the proceedings and evidence, or other matters of the district court, as may be necessary to present the errors complained of.

2. ———— A case-made cannot be supplemented and perfected in this court by attaching thereto certified copies of the pleadings and other proceedings of the district .court neither referred to nor incorporated in the case-made.

3. ———— *Pleadings; Issues.* In the absence of the pleadings in an action, or any statement of the issues in controversy, the supreme court cannot determine from an examination of the evidence and instructions preserved in a case-made, whether there is any material error in the rulings of the district court in receiving or rejecting testimony, or in directing the jury.

*Error from Cherokee District Court.*

REPLEVIN, brought by the *Missouri & Kansas Transportation Co.,* against *Palmer,* as sheriff, to recover possession of a steam engine which had been taken by such sheriff upon an order of attachment against the property of one Thompson. Trial at October Term 1876. Judgment for defendant, and plaintiff brings the case here.

*Ritter & Anderson,* and *J. R. Hallowell,* for plaintiff.

*Hill & Sallee, W. C. Webb,* and *Cowley & Bennett,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: In this proceeding, an attempt is made to bring here for review certain alleged erroneous rulings of the district court of Cherokee county in receiving and rejecting evidence, and also in granting and refusing instructions on the trial of the action in that court. A jury was impanneled in the case, a general verdict given, and no special findings

of fact were returned by the court, or jury. The evidence and instructions are preserved in a case-made; but neither the pleadings, verdict, judgment, motion for a new trial, nor any of the journal entries, are incorporated in it, referred to, or in any way made a part thereof. To it however, as presented to us, is attached a certified copy of all these records and papers. The case-made was presented, signed, and filed beyond the trial term, and therefore cannot be treated as a bill of exceptions. It is now challenged; and the question is fairly presented by the record, whether a case-made can be supplemented and completed by having added or attached to it certified copies of the records of the court below not embodied therein as a part of the same. Must the case-made, when settled and signed, be complete in itself, so as to fully present the errors complained of? Sec. 547 of the civil code provides, "that a party desiring to have any judgment or order of the district court, or a judge thereof, reversed by the supreme court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the supreme court." And § 1, laws of 1877, p. 243, further provides, that "in all actions hereafter instituted by petition in error in the supreme court, the plaintiff in error shall attach the original case-made, filed in the court below, or a certified transcript of the record of said court." A case-made is no part of the record of the district court. Section 548 of the code provides that after a case-made is duly settled, signed, and attested, it shall be filed with the papers in the case; but it is nowhere provided that it shall become a part of the record. The provision as to a bill of exceptions is otherwise. Sec. 303 of the code prescribes that after a bill of exceptions is allowed and signed it shall be filed with the pleadings as a part of the record, but not spread at large upon the journal. If a proceeding is prosecuted in this court to reverse an order or judgment of the district court or judge, where the decision objected to

*Margin notes: 1. Case-made; what it is, and its office. — A case-made is no part of the record. — Bill of exceptions.*

is entered on the record, and the grounds of objection appear in the entry, and the exceptions are properly noted, or where the decision is not contained in the record, or the grounds of objection do not sufficiently appear in the entry but are fully preserved in a bill of exceptions filed and made a part of the record, then a certified transcript of the record of the court below is to be attached to and filed with the petition in error.

2. Case-made, not aided by the record.

But where such proceeding is founded on a case-made, the original case-made is to be filed with the petition in error; and there is no authority to attach or add to it any certified transcript, or the copies of any papers. It cannot be thus perfected. Not only does the statute fail to make a case-made a part of the record, but the section of the law of 1877, referred to, authorizes it to be taken from the files of the district court, and when thus removed from that jurisdiction, it is in no way subject to its control; and even a copy thereof cannot be obtained officially from its clerk in a transcript of the case, or otherwise. This is an additional argument showing that it is not regarded as a part of the records of the district court.

Aside from the specific manner of bringing cases here on error, it is evident from the language used in the code for making a case, that it was intended to have the case itself, in connection with the petition in error, present all that is necessary to be considered by the supreme court in reviewing alleged errors of the inferior court, when such supposed errors are sought to be reviewed on a case-made.

3. Issues must be shown.

The case-made must contain "a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the supreme court." The language is comprehensive, and cannot be dwarfed to mean simply a bill of exceptions taken beyond the term, and settled in the presence of the parties. One object of a case-made was to reduce the size of the record, and thereby the costs of a review, by leaving out much of the immaterial matter that always incumbers a record brought to the court by a certified tran-

31—19 KAS.

script. Unfortunately this purpose is not much appreciated, judging from the records presented to us. Upon an examination of the case-made we find no statement therein of so much of the proceedings as is necessary to present the errors complained of. Certain evidence is stated as given and attempted to be given, and also certain instructions are set forth; but in the absence of the pleadings, or any statement of the issues between the parties, we cannot determine what evidence was material, or competent, or what instructions were relevant, or proper. We cannot go outside of the case-made and search for these matters in a transcript; nor can we consider any orders, motions, or proceedings *dehors* the case settled and signed. It should be complete without the necessity of support *aliunde*. The plaintiff in error has not sufficiently presented its case to obtain a review of the rulings of the district court; or rather, in its attempt to combine a case-made with a transcript of the record, it has pursued a practice unauthorized by the code, has failed to obtain any benefit from either, and has fallen between the two.

No error appearing in the case-made, the judgment of the court below will be affirmed.

All the Justices concurring.