### ASA SMITH V. JEREMIAH MOORE.

CASE-MADE, *When Insufficient.* A case-made is defective and insufficient which contains only the evidence produced and offered to be produced on the trial, and merely refers in general terms to the pleadings, orders, rulings and judgments of the court, without providing for the incorporation of copies of the same, or the substance thereof, in such case-made, and without even mentioning any particular pleading, order or ruling.

### *Error from Labette District Court.*

ACTION by *Moore*, against *Smith.* Trial at May Term, 1877, of the district court, and judgment against *Smith*, who brings the case here.

*T. C. Cory*, for plaintiff in error.

*Ayres & Kimball,* for defendant in error:

It is rare to meet so general a disregard of the settled practice governing proceedings for review on error as appears in this case; and it is not available to plaintiff in error, for the following reasons:

1. The batch of papers attached to the petition in error and denominated a "case-made," and settled, or attempted to be, after term, does not purport to be composed of *originals*, but only copies. (Laws 1877, p. 243, §1; 19 Kas. 471.)

2. Neither the pleadings, decision of the court, motion for new trial, order thereon, nor final judgment, are before this court. The mere reference to such papers *de omnibus* at the end of the "case," as if in existence and forming part of the case, without annexing or referring to them as annexed, or designating them by any mark, or in any manner identifying the same, does not make whatever may be afterward attached and forwarded to this court, part of the case. (19 Kas. 335, 471, 517.)

3. It is supposed that the fact that the case was settled without notice to the defendant in error appears thereby, and that really the only settlement of it was in disregard of the

11—21 KAS.

amendments proposed and before the time to serve them had expired, and that it is thus irregular. (18 Kas. 592; 19 Kas. 28.)

4. The case, so called, does not purport to set forth all the proceedings in any branch of the case, nor the conclusions or findings of fact or of law. (19 Kas. 162; 20 Kas. 100; 6 C. L. J. 437.)

The opinion of the court was delivered by

HORTON, C. J.: Counsel for the defendant in error attacks the proceedings filed in this court, and an examination of them conclusively shows that the merits of the case cannot be considered upon the record presented to us.

The papers attached to the petition in error purport to be copies of the case-made, and of certain pleadings and journal entries, and, within *M. K. T. Co. v. Palmer*, 19 Kas. 471, are not available on review.

Since the brief of the counsel for the defendant in error was filed, the plaintiff in error has transmitted to us the original case-made, but even if we consider this as a part of and as attached to the petition in error, the record is still defective. The case-made does not purport to incorporate therein the pleadings, judgment, or any of the proceedings of the court, except the evidence produced and offered on the trial. Prior to the certificate of the judge signing and settling the case, the record reads as follows:

"The above and foregoing is all the evidence used or offered on the trial of this case in the district court by both plaintiff and defendant, which with copies of the pleadings of the parties, motions, orders and rulings of the court and journal entry of the judgment in the case, constitute the case-made for the supreme court."

No copies of the pleadings, motions, orders, rulings of the court or judgment were, at the time of the settling of the case, attached to such case-made, nor have they been attached since then. If we however consider the copies annexed to the transcript as attached to the case, we must do so upon the certificate of the clerk of the district court, and we at once

come in conflict with *Shumaker v. O'Brien,* 19 Kas. 476. The settling and signing of a case-made is an act of the judge, and a reference in the case to papers, copies of proceedings, etc., to be certified by the clerk of the court and not to be incorporated into the case-made as a part of it, is insufficient. In this cause sixty days were taken to make a case, and the copies of certain papers and proceedings referred to in the original case-made cover less than ten pages, so there seems to be no reasonable excuse for not having these pages annexed to the original case when signed, and certified to by the judge; but if not then copied and ready to be attached to the case, they should have been clearly made a part of the same without our being compelled to take evidence *aliunde* that the papers separate and detached from the case-made, are intended to belong to it and are the same as therein referred to. (*Railroad v. Wagner,* 16 Kas. 335; *Transportation Co. v. Palmer,* supra; *Shumaker b. O'Brien,* supra.)

The judgment of the district court must be affirmed.

VALENTINE, J., concurring.