### DAN M. RICHARDS et al. v. ENOS GASKILL.

REAL-ESTATE AGENT—*Lien on Deed*—*Right to Commission.* A real-estate agent or broker has a lien on the specific deed delivered to him by his principal, or at his instance, for his work thereon, and also for the commission earned by him, as also for the money paid by him at the request of his principal to procure the possession of the deed, when such deed is prepared, or procured by him, or delivered to him by his principal, or at the request of his principal on account of his special agency or employment; but such an agent or broker does not usually possess the right of a general lien.

*Error from Franklin District Court.*

THIS was an action of replevin, brought by *Enos Gaskill* against *Richards & Curl,* to recover the possession of a war-

ranty deed to a tract of land in the state of Illinois, which the plaintiff claimed was wrongfully withheld from him by the defendants; and also for damages for its detention. The case was tried before a justice of the peace, and plaintiff recovered judgment; the defendants appealed to the district court, where they filed the following amended answer:

"That for a year last preceding the commencement of this action they were engaged in the business of real-estate agents in Ottawa, Kansas; that about the —— day of —— 1886, the plaintiff placed in their hands for sale or exchange for other real estate certain real estate then owned by him in Ottawa, Kansas; that about the same time one W. H. Cofield also placed in their hands for exchange certain real estate by him owned in Illinois; that while said properties were so as aforesaid in the hands of the defendants with full knowledge on the part of both plaintiff and said Cofield that the defendants occupied such relations to both the said parties, these defendants set on foot negotiations between the plaintiff and said Cofield for the exchange of their said properties, and rendered such services as were proper for them to render to both of said parties in and about said negotiations, and particularly at the express instance and request of plaintiff, paid out and expended twenty-five dollars in changing the terms of an incumbrance on the property of said Cofield so that plaintiff could accept the same, and at the request of plaintiff prepared a conveyance from plaintiff to Cofield and one from said Cofield to plaintiff. The conveyance so prepared by defendants from Cofield to plaintiff was executed by Cofield and delivered to these defendants at the instance and direction of plaintiff, and is the instrument for which this suit is brought; and said exchange of property so set on foot by the defendants was fully carried out and perfected, and a reasonable value of the services so as aforesaid rendered by the defendants to plaintiff in and about said exchange and in and about the preparation of the conveyances therefor was eighty dollars; but plaintiff refuses to pay said amount or any part thereof, nor has plaintiff repaid to the defendants any part of the money by them paid, laid out and expended to procure said exchange, and the defendants retain the possession of said instrument of writing as they well may by reason of their lien thereon for the sums so due to them for the services and expenditures in and about the business of the plaintiff so as aforesaid rendered, and in and about the preparation of said conveyance.

"*Second.* Further answering, the defendants say: that they make the first count of this answer a part of this count, and claim to have the amount therein shown to be due from the plaintiff to them allowed to them by way of set-off and counter-claim against any sum which plaintiff may claim herein against them in this action; and for any balance due them over and above any claim of plaintiff, they claim judgment against the plaintiff."

To the answer, plaintiff interposed a demurrer, upon the ground that it failed to state facts sufficient to constitute a defense. The demurrer was sustained by the court, defendants excepting. On February 5, 1887, judgment was rendered for the plaintiff for the possession of the deed, and assessing his damages at $24. The defendants excepted, and bring the case here.

*Mechem & Smart,* for plaintiffs in error.

*Wm. H. Clark,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A motion has been filed to dismiss the petition in error, because there is attached to it a copy of the case-made, not the original. It is the original, rather than a copy, which must be filed in this court. (*Transportation Co. v. Palmer,* 19 Kas. 471; *Thompson v. Williams,* 30 id. 114.) This defect, however, has been remedied, as the original case-made has lately been filed in this court, and with the consent of the court, attached to the petition in error.

The question in this case for our determination is, whether real-estate agents or brokers have a lien for their fees and advancements upon deeds which come into their possession by reason of their agency and employment. It appears from the answer, to which a demurrer was sustained, that Richards & Curl were agents, or brokers of Gaskill, to exchange or bring about an exchange of his property for the property of W. H. Cofield. They acted for some purposes as the agent for both parties; they set on foot negotiations which resulted in a satisfactory exchange, and thereby earned a commission; they paid

out $25 at the instance and request of Gaskill in changing the
terms of an incumbrance so that Gaskill could accept the same;
at the request of Gaskill they prepared a conveyance from him
to Cofield, and one from Cofield to Gaskill; the latter con-
veyance was delivered to them at the instance and direction
of Gaskill, and is the deed for which this action was brought.
The deed was clearly committed to their care in the course of
their agency and employment.   For their work thereon, and
for their commission and advances, they had a lien on the deed
until they were paid and reimbursed.

In Story on Agency, § 373, it is said :

" Having disposed of these general considerations in regard
to liens, all of which do or may apply to liens created by agency,
let us now proceed to the more immediate object of these com-
mentaries, and inquire what liens belong to agents in general,
and what belong to particular classes of agents.   The former
may be disposed of in a very few words; for, in case of agency,
there generally exists a particular right of lien in the agent
for all his commissions, expenditures, advances in and about
the property or thing intrusted to his agency, whenever they
were proper or necessary or incident thereto.   This is strictly
true in all cases of mere private agency, unless there is some
private agreement, express or implied, or some usage of trade
or business, which repels or excludes the lien.   Thus, for ex-
ample, attorneys, bankers, brokers, factors, carriers, packers,
dyers, shipwrights, wharfingers, commission merchants, auc-
tioneers, supercargoes, and masters of ships, have all a lien on
the papers, documents, goods, merchandise, and other prop-
erty committed to their care in the course of their agency, for
the sums due to them for their commissions, disbursements,
advances, and services in and about the same."

" Every one, whether an attorney or not, has, by the com-
mon law, a lien on the specific deed or paper delivered to him,
to do any work or business thereon, but not on other muni-
ments belonging to the same party unless the person claiming
the lien be an attorney or solicitor, and the lien extends to
the representative of a deceased solicitor." ( Weeks Att. at
Law, § 373.)

The statute provides that—

" The common law, as modified by constitutional and stat-
utory law, judicial decisions, and the condition and wants of

the people, shall remain in force in aid of the general statutes of this state; but the rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state; but all such statutes shall be liberally construed to promote their object." (Comp. Laws of 1885, ch. 119, § 3.)

Of course, the mere fact that a real-estate agent or broker has a lien upon the papers, deeds or documents confided to him, either for his commissions, advances, or work thereon, does not limit the right of the agent or broker to the papers, deeds, or documents, as the principal is still liable to him, personally, in a suit *in personam* for amount of the claims. The defendants have no lien or claim upon the deed for anything that Cofield owes them. The allegations in the answer, however, are, that Cofield delivered the deed to the defendant at the instance and direction of the plaintiff, and therefore such deed belongs to the plaintiff, subject to the lien of defendants.

The accidental possession of a deed will not sustain a lien; so, also, if a deed is acquired under an express contract, or circumstances showing an implied contract inconsistent with a lien, the real-estate agent or broker cannot claim any lien upon a deed so received.

We perceive no error in the ruling of the court in sustaining the demurrer to the second count of the answer.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.