HENRY DAVIS *et al.* v. ABRAHAM RINGER.

1. CASE-MADE, *Complete When Settled—No Review.* In order to be available on review in error, a case-made must be complete and perfect when settled, signed and attested. It cannot be supplemented and perfected afterward; and where the case-made does not affirmatively show that it is complete, this court will not consider alleged errors.

2. ——— *Object of—Must Embrace What.* The object of a case-made is to present to an appellate court, complete in itself, a statement of so much of the proceedings and evidence or other matter in the action, as may be necessary to bring to the notice of the appellate court the errors complained of. It must embrace and include all that is necessary for a full understanding of the questions submitted for decision.

MEMORANDUM.—Error from Mitchell district court; CYRUS HEREN, judge. Action by Abraham Ringer on

a bond given by Henry Davis and another.    Judgment for plaintiff.    Defendants bring the case to this court.    Affirmed.    The opinion was filed September 18, 1895.

*L. J. Crans,* for plaintiffs in error.

*A. H. Ellis,* and *F. T. Burnham,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. :    An attempt was made in this proceeding to bring here for review certain alleged errors committed by the district court of Mitchell county, in overruling defendants' demurrer ; in receiving and rejecting certain evidence ; in refusing to give defendants' instructions ; in giving certain instructions ; in overruling defendants' motion for a new trial ; and in rendering judgment for plaintiff.

A jury was impaneled in this case and a general verdict rendered, and no special findings of fact were returned by the court or jury.    Some of the evidence, instructions of the court and pleadings are incorporated in the case-made, and to it are attached certain papers not certified or referred to, nor bearing any marks by which they can be identified as relating to or being a part of the case-made — and its sufficiency is challenged in this court.    It shows upon its face that it is not complete, not even in the condition it now is, when served upon counsel, or presented to the judge, and by him signed and settled.    If we were called upon to decide what the papers attached really are, we could not determine.    They might or might not be copies of record evidence which had been omitted.    Nor could we say when they were supplemented.    And upon examination of the whole case-made, we

3—APP.

are unable to say that it contains so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to this court. We cannot go outside of the case-made and search for these matters, nor can we consider anything *dehors* the case settled and signed. It should be complete without the necessity of support *aliunde*. It should be complete when it is settled and signed. (*Transportation Co. v. Palmer*, 19 Kas. 471.)

It might be said that the plaintiffs in error have attempted to combine a case-made with a transcript of the record, but this is a practice unauthorized by the code. It must be one or the other, and in their attempt to combine them, they have failed to obtain any benefit from either, and have fallen between the two. The plaintiffs in error have not sufficiently presented their case-made to this court to obtain a review. The case-made must contain a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present errors complained of to this court. (*Transportation Co. v. Palmer*, 19 Kas. 471.) The rule is well established in this state, " that where the case-made itself does not affirmatively show that it is complete, an appellate court will not consider alleged errors."

No error appearing in the record, the judgment of the court below will be affirmed.

All the Judges concurring.