JOSEPH PARRAULT, *as Administrator*, v. ROSALIE
MARSANT.

**No. 350.**  (58 Pac. 1027.)

PRACTICE, DISTRICT COURT — *Settlement of Case-made — Decease of Judge.* A case-made, under the provisions of the code, cannot be settled and signed by the successor of a deceased judge who tried the cause.

Error from Clay district court; R. B. SPILMAN, judge.  Opinion filed November 4, 1899.  Dismissed.

*Coleman & Williams*, for plaintiff in error.

*F. P. Harkness*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The judgment which the plaintiff in error seeks to have reviewed by this proceeding was rendered on the 18th of November, 1897, upon the verdict of a jury returned and filed on the 12th of November.  At that time the late Hon. R. B. Spilman was judge of the twenty-first judicial district, of which Clay county was a part.  The plaintiff in error was given sixty days in which to make and serve a case-made for this court; twenty days were allowed for the suggestion of amendments, and five days' notice

required for the presentation thereof for settlement. On the 13th of January, 1898, Judge Spilman granted an extension of thirty days in which to make and serve a case, allowing twenty days for the suggestion of amendments, and requiring five days' notice of presentation for service. On February 9 another extension was granted of twenty days, with the same time for suggesting amendments, and for notice of presentation as in the previous order. Shortly thereafter Judge Spilman died, and Hon. W. S. Glass was appointed judge of the twenty-first district. On the 8th day of March, 1898, the case was served. On the 12th day of November, 1898, notice of the presentation of the case for settlement was given to the defendant in error, fixing the time therefor for the 18th of November, and on that day the case was settled and signed by Judge Glass. The defendant in error presents a motion to dismiss upon four grounds: (1) That this court has no jurisdiction of the cause; (2) that the case-made was not settled and signed by the judge who tried the cause; (3) that the case-made is not settled, signed and certified or authenticated as required by law, and is, therefore, null and void; and (4) because the proceedings in error were not commenced within one year after the rendition of the judgment sought to be reversed.

Under the provision of the statute in relation to the computation of time, the fourth ground is untenable.

The other three grounds present but one question, and that is, Was the successor of Judge Spilman authorized by the statute to settle and sign a case-made? A case-made, under our code, is a substitute for the bill of exceptions or bills of exception in a cause as they existed at common law and as provided for under sections 299–303 of the code (Gen. Stat. 1897, ch. 95,

Parrault v. Marsant.

§§ 309–313; Gen Stat. 1899, §§ 4562–4566), which could not be allowed or signed after the expiration of the term at which the cause was tried or the order made complained of. It is purely the creation of the statute and cannot be lawfully settled or signed except as provided for therein. This is the principle enunciated by the supreme court, in substance, in the following cases : *Weeks v. Medler*, 18 Kan. 425; *St. L. & S. F. Rly. Co. v. Corser*, 31 id. 705, 3 Pac. 569; *K. & C. P. Rly. Co. v. Wright*, 53 id. 272, 36 Pac. 331.

It would seem that the omission from the statute of any provision for the signing and settlement of a case-made upon the decease of the judge who tried the cause was one of purpose and necessity and not an accidental omission. The authority cannot be construed into it. It would be a very grave question of propriety, or expediency, for the legislature to attempt to make such provision. It would of necessity leave questions of what evidence was admitted, what objections made, what exceptions saved, to the agreement of counsel or the memory of witnesses. It is sufficient, however, to say that the legislature has not attempted so to do. The attempted settlement and signing of the case was without authority of law and is void.

The motion to dismiss is sustained.