Ewing v. Cooper.

J. H. EWING AND F. B. EWING v. R. H. COOPER.

No. 625.   (59 Pac. 176.)

1. PRACTICE, COURTS OF APPEALS — *Motion for New Trial — Review.* Where it is not shown by the record that the motion for a new trial was filed within three days after the judgment was rendered, the appellate court cannot say that the district court erred in overruling the motion. (*Deford v. Orvis,* 52 Kan. 432, 34 Pac. 1044.)

2. —————— *Amendment of Record.* The entry in the record as to the filing of the motion for a new trial reads: "Filed Dec. —, 1895"; and the journal entry shows that the motion was overruled on December 18, the verdict of the jury having been returned on December 13. *Held,* that the record cannot be amended, on motion of plaintiffs in error, by making the entry to read, "Filed Dec. 14, 1895."

Error from Butler district court; A. M. JACKSON, judge. Opinion filed December 15, 1899. Affirmed.

*E. N. Smith,* and *Hamilton & Leydig,* for plaintiffs in error.

*Leland & Harris,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : The record in this case shows that the verdict of the jury in favor of defendant in error, plaintiff below, was returned on the 13th day of December, 1895 ; that a motion for a new trial was filed, marked "Filed Dec. —, 1895"; that the defendants also filed a motion for judgment in their favor upon the special findings of the jury ; and that these motions were heard and overruled on the 18th of the same month.   It further appears that the last ground stated in the motion for a new trial is the alleged error of the court in overruling the defendants' motion for judgment upon the special findings.   The plaintiffs in

Railroad Co. v. Eaton.

error have filed a motion for leave to complete the record by supplying the omitted date, which the evidence they offer by affidavit and by transcript of the appearance docket shows was December 14. The motion cannot be granted. "A case-made must be complete and perfect when settled, signed, and attested." (*Transportation Co. v. Palmer*, 19 Kan. 471.)

Besides this, the motion for a new trial itself indicates that it was filed after the motion for judgment upon the special findings was overruled; presumably on December 18, as the journal entry shows the motion for a new trial was heard and overruled on that date. All questions arising from the overruling of the motion for a new trial being eliminated, the only remaining questions are whether the petition states a cause of action, and whether the judgment is in accordance therewith. We are convinced that both of these questions must be answered in the affirmative. The judgment of the district court will therefore be affirmed.