THOMPSON *et al.* v. FULTON.

No. 1013.    Opinion Filed November 14, 1911.

(119 Pac. 244.)

1.    **APPEAL AND ERROR** — Record — "Case-Made." "A 'case-made,' otherwise called a 'case settled,' or a 'case agreed upon,' or, more frequently, a 'case,' is a statutory method of preparing a 'record' for appellate review. It is a written statement of the facts in a case, agreed to by the parties, and duly authenticated by the judge who tried the case, and submitted to an appellate court for the purpose of obtaining a review of the alleged errors of law occurring in the proceedings of the court below, as shown in the record thus presented."

2.    **APPEAL AND ERROR**—Record—Case-Made—Settlement—Notice. It is essential that all parties to an action be present or have proper notice of the presentation of the case-made for settlement, in order that they may suggest amendments or present objections to the case-made as thus presented for settlement.

3.    **SAME.**    A joint judgment being rendered against T. and M. for the possession of a certain tract of land and the costs of the trial, T. was allowed 90 days in which to prepare and serve a case-made, 10 days for the suggesting of amendments; same to be settled upon 5 days notice by either party. No extension was either asked or granted to the codefendant, M. After the expiration of 3 days from the time of the entering of the judgment, the case-made was presented for settlement, but without any notice to M. Neither were any amendments suggested nor the right to suggest same waived by M., or any one for him. **Held,** that notice to M. was essential, and also that as the prescribed 3 days had expired, and no extension of time had been granted to M., no valid case-made could then be settled for said M.

(Syllabus by the Court.)

Kane, J., dissents.

*Error from District Court, Atoka County; Robt. M. Rainey, Judge.*

Action by J. S. Fulton against Rachael Thompson and an-

other. Judgment for plaintiff, and defendants bring error. Dismissed.

*W. J. Gregg* and *John B. Meserve,* for plaintiffs in error.

*J. G. Ralls,* for defendant in error.

WILLIAMS, J.   This proceeding in error seeks to review a joint judgment against the plaintiffs in error, Rachael Thompson and Ed Mathis, for the possession of a certain 40 acres of land, and the costs of the action in the trial court.

"A 'case-made,' otherwise called a 'case settled,' or a 'case agreed upon,' or, more frequently, a 'case,' is a statutory method of preparing a 'record' for appellate review.   It is a written statement of the facts in a case, agreed to by the parties, and duly· authenticated by the judge who tried the case, and submitted to an appellate court for the purpose of obtaining a review of alleged errors of law occurring in the proceedings of the court below, as shown in the record thus presented."   (Burdick on New Trials and Appeals, 1907, § 207, p. 173.)

A case-made is solely a creature of the statute, and, whilst more comprehensive than a bill of exceptions, is a substitute therefor.   *Parrault v. Marsant,* 9 Kan. App. 419, 58 Pac. 1027. The office of a bill of exceptions and that of a case-made are very dissimilar.   The former is generally to bring up the record to review a decision of the court upon a matter of law which the record would otherwise not show, in which case it must be reduced to writing, allowed, signed, and filed at the term that the decision complained of is made, except where the statute permits, on order of the court, the allowing, signing, and filing same out of term time.   Neither the pleadings nor the judgment nor orders of the court may properly be included in a bill of exceptions; nor are any of the parties entitled to notice of presentation for allowance.   When filed, it becomes a part of the record, and is brought up by transcript, which must include the other parts of the record.   As to the case-made, it may be settled, signed, and allowed beyond the trial term and in vacation, but it must be complete in itself; the pleadings, judgment, and orders of the court to be incorporated therein.   It must contain the mat-

ters of record, as well as the proceedings not entered on the record. To present errors for review, the case-made must embody a statement of so much of the issue, proceedings, and evidence, or other matters in the action, as may be necessary to bring to the notice of the appellate court, from an examination of the paper settled and authenticated as a case-made, the errors complained of. The object of the case-made is to reduce the size of the record, eliminating all matters immaterial to the question sought to have reviewed. *Shumaker v. O'Brien,* 19 Kan. 476; *Davis v. Ringer,* 1 Kan. App. 32, 41 Pac. 676; *Pierce v. Engelkemeier,* 10 Okla. 308, 61 Pac. 1047; *Territory v. Cooper,* 11 Okla. 699, 69 Pac. 813.

A case-made being, as said by Burdick, "a written statement of the facts in a case, agreed to by the parties, and duly authenticated by the judge who tried the case," it is essential that all parties to an action be present or have proper notice of the presentation of the same for settlement, so that they may be present in order to make suggestions or objections pertaining to the settling of the agreed statement of facts or agreed case. Where the case-made is prepared and presented by all the defendants jointly, obviously no notice is required to either of them; but when the case-made is prepared and presented by only one of the defendants, the others being necessary parties before the reviewing court, notice to such other defendants is essential in order that the case-made may be properly settled.

A case-made at the instance of the coplaintiff in error, Ed. Mathis, could be settled only within the prescribed three days, as no extension of time was allowed to him. It is settled that a case, not served within three days after the judgment sought to be reviewed is entered, or within the extension of time allowed by the court, is void, and will not be considered. *Devault et al. v. Merchants' Exchange Co.,* 22 Okla. 624, 98 Pac. 342; *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436; *Bray v. Bray,* 25 Okla. 71, 105 Pac. 200; *Carr v. Thompson et al.,* 27 Okla. 7, 100 Pac. 667; *Cowan v. Maxwell,* 27 Okla. 87, 111 Pac. 388; *Lankford v. Wallace,* 26 Okla. 857, 110 Pac. 672.

Parties to the record cannot by stipulation, which is not approved by the court or judge, extend the time for making and serving a case-made. *Bettis v. Cargile et al., supra.* The record recites that:

"Thereupon the defendant Rachel Thompson excepted to said judgment, and asked that she be given 90 days in which to prepare and serve a case-made, and that 10 days be given the plaintiff [J. S. Fulton] in which to suggest amendments, and that said case, when so made, be settled upon 5 days notice by either party, which time is by the court granted."

This is the only order granting an extension of time to any one in said action for the settling and signing of the case-made. The case-made, when made, was served upon the plaintiff's attorney, but no service was had upon the codefendant, Ed Mathis. Neither were any amendments suggested nor the right to suggest same waived by the said Mathis, or any one for him. It follows that the case-made is invalid. Whilst the questions sought to be raised could be brought up by transcript, yet the record is not certified by the clerk, and therefore cannot be considered as a transcript.

The proceeding in error is dismissed.

TURNER, C. J., and DUNN and HAYES, JJ., concur; KANE, J., dissents.