## PALMER-GREGORY CHIROPRACTIC COLLEGE v. HUBBLE *et al.*

No. 4190.    Opinion Filed May 4, 1915.

(148 Pac. 719.)

**APPEAL AND ERROR**—Case-Made—Failure to Serve—Dismissal.
Where a joint judgment is rendered against three defendants, and one of them appeals to this court, making the other two parties defendants in error, but failed to serve such defendants in error with the case-made within the time prescribed by statute, or as extended by the trial court, **held**, that the appeal should be dismissed.

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

.Action by E. C. Hubble against the Palmer-Gregory Chiropractic College and others.    Judgment for plaintiff, and the defendant named brings error.    Dismissed.

*Everest & Campbell,* for plaintiff in error.

*Wilson & Tomerlin* and *E. K. Buckholtz,* for defendants in error.

PER CURIAM.    On February 15, 1912, in the county court of Oklahoma county, a joint judgment was rendered against A. A. Gregory, A. M. Gregory, and the Palmer-Gregory Chiropractic College for rent in favor of plaintiff, E. C. Hubble.    After motion for new trial was filed and overruled, the defendants were given 20 days in which to file supersedeas bond and 90 days in which to make and serve case-made for appeal to this court.    Thereafter Palmer Gregory Chiropractic College alone filed the supersedeas bond, and from time to time secured for itself extensions of time for making and serving the case, and on July 16, 1912, filed its petition in error with case-made attached in this court.    The other defendants, A. A. Greg-

ory and A. M. Gregory, are made defendants in error here. The cause is now before us on motion to dismiss, for the reason that the case-made was not served upon the said A. A. Gregory and A. M. Gregory within the time prescribed by statute, or as extended by order of the trial court.

The law was stated in *American Nat. Bank v. Mergenthaler Linotype Co.*, 31 Okla. 533, 122 Pac. 507, in the syllabus as follows:

"Where a reversal is sought upon the case-made, it or a copy thereof must be served upon each adverse party or his attorney. A failure so to do upon a party to a joint judgment, who will necessarilly be affected by a reversal thereof, defeats the jurisdiction of the appellate court, and prevents a review of the judgment. * * * "

See, also, *Price v. Covington*, 29 Okla. 854, 119 Pac. 626; *Thompson et al. v. Fulton*, 29 Okla. 700, 119 Pac. 244; *May et al. v. Fitzpatrick et al.*, 35 Okla. 45, 127 Pac. 702; *National Surety Co. v. Okla. Presbyterian College*, 38 Okla. 429, 132 Pac. 652; *Bowles v. Cooney*, 45 Okla. 517, 146 Pac. 221.

The cause is dismissed.