## STATE *ex rel.* DAVIS v. WHEELER.

No. 7670.   Opinion Filed November 9, 1915.

(152 Pac. 1087.)

**APPEAL AND ERROR—Case-Made—Settling.**  Where upon overruling a motion for a new trial, the court grants an extension of 30 days to prepare and serve a case-made and allows five days to suggest amendments, the court is without authority to settle said case-made before the expiration of the time fixed for suggesting amendments, and mandamus will not be issued requiring him to do so.

(Syllabus by the Court.)

*Original Application for Mandamus.*

Original application by the State, on the relation of J. Warren Davis, executor of the last will and testament of Harriett Nichols Cook, for a writ of mandamus against Robert Wheeler.   Writ denied.

*Fred H. Reily, T. G. Cutlip,* and *E. R. Hastings,* for relator.

*H. H. Smith* and *Baldwin & Carleton,* for respondent.

HARDY, J.   From a judgment of the county court of Pottawatomie county, admitting to probate the alleged lost and last will of Enos Nichols, deceased, an appeal was prosecuted to the superior court of that county, and on the 21st day of October, 1914, motion to transfer said cause to the district court was filed, and an order transferring the same to the district court was made on January 2, 1915.   Whereupon the clerk of the superior court transferred to the district court the files, papers, and copies of the proceedings in said cause, which were filed by the clerk of the district court, and some months thereafter the proponents of said will filed a motion in the superior court to set aside said order of transfer, and,

the regular judge of said court having certified to his disqualification to hear and determine said matter; the respondent, Robert T. Wheeler, was selected as special judge, or judge *pro tempore*, in the manner required by law, and after hearing on May 24, 1915, set aside said order transferring said cause to the district court, theretofore made, and on May 26th entered an order dismissing said appeal. On May 28th motion of relator for a new trial in the superior court of the order of dismissal was overruled, and exceptions saved, and the court made an order granting an extension of 30 days from said date in which to make, prepare and serve bill of exceptions, allowing the proponents 35 days from said date, to-wit, May 28, 1915, in which to suggest amendments, but fixing no time in which the case-made should be settled, and requiring the bill of exceptions to be filed in the Supreme Court within 50 days from the date of said order.

By section 5242, Rev. Laws 1910, the proponents would be entitled to three days' notice of the time and place where and when said case-made would be submitted to the judge for settlement and signature, in the absence of an extension of said time by said judge. On June 7, 1915, case-made was served on proponents, and on June 14th notice of settlement, reciting that case-made would be presented to the judge at his chambers on June 19th, was served. Relator alleges that said case-made was in fact presented to respondent at the time and place fixed in said notice, and supports this allegation by two affidavits; while respondent denies this allegation, and alleges that, while said case-made was presented to him, relator stated that he did not want same signed and settled on that day, for the reason that the time fixed in the order of extension had not expired. In the view we take of

this case it is unnecessary for us to determine this contro-
verted question of fact. No exception was taken to the
order of dismissal, and relator does not claim to be prose-
cuting an appeal from said order, but insists that he de-
sires to appeal from the order overruling his motion for
a new trial, made and entered on the 28th day of May,
1915. Respondent says that the question of fact deter-
mined by the court did not arise upon the pleadings or in
the trial of the case upon its merits, but arose upon a
motion, and therefore a motion for a new trial was not
necessary to present the question to this court for review.
If we assume that motion for new trial was necessary,
which we do not decide, and that an appeal would lie
therefrom, our decision would not be different from
what it is.

It will be noticed that the order of extension grants
time to prepare and serve a bill of exceptions instead of
a case-made. Relator says that the case-made, prepared
and served by him, was prepared under the statute, which
allows 15 days to prepare and serve case-made, three days
to suggest amendments, and requires three days' notice of
the time and place of settlement, and not under the order
of extension. It is evident to us that counsel for both
parties, and the court, had in mind the preparation and
service of a case-made at the time the order was made,
and that counsel thereafter acted in accordance with
this view.

The office and functions of a bill of exceptions and of
a case-made in this jurisdiction are so dissimilar that we
cannot believe the court and counsel had in mind the
preparation of a bill of exceptions at the time the exten-
sion was asked and granted. A bill of exceptions is to
bring up the record to review a decision of the court upon

a matter of law which would not appear on the face of the record otherwise, and the bill must be reduced to writing, allowed, signed, and filed at the time the decision complained of is made, except where upon order of the court time is allowed to reduce same to writing, which must not be beyond the term, if in term time. If the decision objected to is made in vacation, or at chambers, the judge may give time to reduce the exceptions to writing, not exceeding ten days. Rev. Laws 1910, sec. 5027. The bill of exceptions, when allowed and filed, becomes a part of the record, and is brought up by transcript, which must include all other parts of the record; nor are any of the parties entitled to notice under the statute of the presentation of said bill of exceptions to the court or judge for allowance. *Thompson et al. v. Fulton,* 29 Okla. 700, 119 Pac. 244. Therefore, when the court granted time to prepare the bill of exceptions and required same to be served upon proponents and granted proponents five days in which to suggest amendments, it is evident that a case-made was in mind and was intended. This construction of the order is borne out by the fact that, although the case-made was submitted to the respondent on the 19th day of June, 1915, the relator, later, on the 2d day of July, which was the last day for suggesting amendments, served an additional notice of settlement of case-made upon counsel for proponents of said will, reciting that said case-made would be presented to the respondent at his chambers for settlement and signature on the 7th day of July, 1915. Relator himself does not rely upon this last notice, but treats the order of extension as invalid, and relies upon the service had and notice given within the time fixed by statute; and we are therefore not required to pass upon the question

whether such settlement within the time fixed by the notice served before the expiration of the time for suggesting amendments would have the effect of extending the term of office of the judge *pro tempore* to and including the day fixed in said notice.

Being of the opinion that the order of extension was valid and should be construed as an order extending the time in which to prepare and serve case-made, it follows that the service of notice that case-made would be presented for signing and settlement on the 17th day of June was premature, and, the proponents of said will not having suggested any amendments thereto, prior to the time fixed in said notice of settlement thereof, nor waived the time in which to do so, nor having agreed that same might be signed and settled on that day, the respondent was without authority and under no obligations to sign and settle the same when so presented. *Nicholson et al. v. Binion et al., ante,* 152 Pac. 370; *Frey v. McCune, post,* 153 Pac. 109.

The writ of madamus is therefore denied.

All the Justices concur.