### KERSHAW et al. v. BROOK, City Manager of Muskogee, et al.

No. 23268. Opinion Filed Feb. 14, 1933.

Malcolm E. Rosser, for plaintiffs in error.

William B. Moore and John W. Porter, for defendants in error.

PER CURIAM. This is an appeal from an order denying permanent injunction to plaintiffs in error relating to some payments to the defendant in error of certain public fund. The journal entry of judgment was entered December 9, 1932, and the defendant in error claims that under the statute, appeal must be lodged within 30 days from that date; and also that the case-made was not served upon the principal defendant in error; and lastly that the case-made was settled and signed without notice of the time and place of settlement and defendant in error has not waived such notice of settlement. It is apparent from a very cursory examination that there is no merit in the first contention of the defendant in error, and had the proper orders been made, plaintiffs in error had six months to appeal from the final order of the court. But unless plaintiff in error obtains and is granted by this court, on his application for the same, additional time to make and serve case-made under section 790, C. O. S. 1921 [O. S. 1931, sec. 539] it is apparent he is not properly in this court under the last two objections. Palmer Gregory College v. Hubble, 47 Okla. 367, 148 P. 719; Hall v. Jones, 145 Okla. 280, 292 P. 569. Plaintiffs in error have made application for such additional time. It is also apparent that this provision of the statute, although most liberally construed in favor of the applicants, is not made for cases such as face the plaintiff in error. In his own brief he admits that his error, or that of his client, was the lack of funds and other dilatory matter arising after they had full knowledge of the exact state of the record. The reporter even called the attorney and told him the record was ready. To abuse the use of section 790, C. O. S. 1921 [O. S. 1931, sec. 539] in such a case as requested by plaintiff in error would let anyone who claimed an excuse of lack of funds or other dilatory plea abrogate the statutory rule limiting appeals.

The motion to obtain further time is overruled, and the appeal dismissed, with directions to the trial court to affirm the judgment rendered.