Kyle *et al. v.* Kyle.

KYLE ET AL. *v.* KYLE.

55 387
143 236

PARTITION.—*Action.*—A proceeding for the partition of lands is a "civil action," within the meaning of the term as used in section 34 of the practice act of this State (2 R. S. 1876, p. 46.)

SUMMONS.—*Service.*—*By Whom to be Made.*—Service of a summons in a civil action can be made only by the sheriff to whom it is directed, or by his deputy, or, in case of the absence, interest or incapacity of such sheriff, by the proper coroner.

SAME.—*Statute Construed.*—Section 292 of the practice act of this State (2 R. S. 1876, p. 154,) provides only as to the mode of making proof of the service of process, and not as to how or by whom such service shall be made.

SAME.—Section 37 of such practice act (2 R. S. 1876, p. 49) refers to the manner, only, of service of summons, and not to the person by whom it may have been made.

SAME.—*Jurisdiction.*—Where service of summons is made by an unauthorized person, no jurisdiction of the person so served is thereby acquired by the court.

SAME.—*Appeal.*—*Judgment.*—*Supreme Court.*—A defendant against whom a judgment has been rendered, by default, in the circuit court, without having first acquired jurisdiction of his person, may, in the first instance, appeal to the Supreme Court, without applying to such circuit court to set aside such judgment.

SAME.—*Judgment.*—*Partition.* — *Practice.*—A judgment partitioning lands can not be reversed in part and affirmed in part, but the entire judgment must be set aside, if reversed, by the Supreme Court.

From the Montgomery Circuit Court.

*J. McCabe* and *M. D. White,* for appellants.

*T. H. Ristine* and *A. Thomson,* for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellants, for the partition of certain real estate, in which such proceedings were had as that judgment for partition was entered, commissioners appointed to make partition, report of commissioners returned making partition, and the report confirmed.

Errors are assigned in the names of the defendants below; and, among other things, it is assigned for error that the court below never obtained jurisdiction over the defendants below, the appellants herein.

The complaint alleged that George E. Kyle died seized of the land sought to be parted, and that one-third thereof went to the plaintiff, his widow, and the two-thirds to twelve children, naming them, who were made defendants. Among the twelve children were James F. Kyle and John W. Kyle, both of whom appeared to the action. Also, Silas F. Kyle and Mildred J. Young, who did not appear. It is perhaps unnecessary to enquire whether the other eight were properly brought into court, as they have filed a paper in the cause, asking that the appeal be dismissed as to them. James F. Young, who, we suppose, is the husband of Mildred J. Young, signed the same paper, but he did not sign it on behalf of his wife, nor did he ask that the appeal be dismissed as to her. He was a party, and asked that the appeal be dismissed as to himself.

It becomes necessary to enquire, therefore, whether the court below acquired jurisdiction over Silas F. Kyle and Mildred J. Young.

The record sets out a summons in the cause, directed to the sheriff of Montgomery county, and commands him to summon, among others, Silas F. Kyle and Mildred J. Young. Then there is an affidavit of Luke J. Dickerson, who is not claimed to have been the sheriff or his deputy, by which it appears that Dickerson served the summons on Silas F. Kyle and Mildred J. Young, among others, by reading the same to them, at said county.

This is all the evidence there is in the record, that the court acquired jurisdiction over these parties.

The appellee claims that the service of the summons by Dickerson was good. We are of opinion, however, that it was a nullity, and gave the court no more jurisdiction over the parties than if it had not been served at all. The statute provides that the "sheriff shall * * * execute all process directed to him by legal authority, either in person or by deputy," etc. 2 R. S. 1876, p. 18, sec. 2.

"A civil action shall be commenced by filing in the

office of the clerk a complaint, and causing a summons to issue thereon ; and the action shall be deemed to be commenced from the time of issuing the summons; but, as to those against whom publication is made, from the time of the first publication. The summons shall be issued by the clerk, under the seal of the court, and directed to the sheriff," etc. 2 R. S. 1876, p. 46, sec. 34.

Thus it is seen that a summons in an action is to be directed to the sheriff, and is to be served by him, either in person, or by deputy.

"Actions" are brought for the partition of lands. 2 R. S. 1876, p. 257, sec. 626.

The statute provides that " The proof of the service of any process issued by the court, or of any notice required to be served upon any party, shall be as follows :

" *First.* If served by the sheriff, his certificate thereof: or,

" *Second.* By any other person, his affidavit thereof; or,

" *Third.* In case of publication, a printed copy, with the affidavit of the printer, his foreman, or clerk, or of any competent witness.

" *Fourth.* The written admission of the defendant. The affidavit or admission must state the time and place of service." 2 R. S. 1876, p. 154, sec. 292.

This statute does not authorize the service of a summons to the defendant in a cause, to be made by any other person than the sheriff or his deputy. There are some processes and some notices that may be served by the party or any other person, as a subpœna (called in the statute a summons) for witnesses. 2 R. S. 1876, p. 130, sec. 229.

The statute above set out was intended to provide for the mode of proof of service, and not the person by whom service may be made. In cases where the service is required to be made by the sheriff, his official certificate of service is required. Where the service may be made by another person, his affidavit is sufficient.

Another statutory provision has been cited, viz.: That " No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court." 2 R. S. 1876, p. 49, sec. 37.

This provision, so far as it has reference to service, clearly applies to the manner of service, and not to the person by whom it is made.

It was not intended by it to make the service of a summons, by any one who might assume to serve it, good, if there was sufficient substance about the service to inform the party of an action instituted against him in court.

It may be observed, also, that provision is made for the discharge of the duties of the sheriff by the coroner, in cases where the sheriff is interested, absent or otherwise incapacitated from serving. 2 R. S. 1876, p. 20, sec. 2.

Where the party to be served is a non-resident of the State, a sheriff having no official authority beyond the limits of the State, the summons may be served by another person, and the service proved by his affidavit. 2 R. S. 1876, p. 50, sec. 39. But that is not this case. Here, the service was made in Montgomery county, in this State.

We think the court acquired no jurisdiction over Silas F. Kyle or Mildred J. Young.

But it is claimed by the appellee, that, conceding a want of jurisdiction over these persons, they can not, in the first instance, appeal to this court, but that they must first have applied to the court below to set aside the judgment. We are aware that there are several cases to that effect. But the more recent rule is, that where the court below has rendered a judgment against a party, without having acquired jurisdiction over him, he not having appeared to the action, he may at once appeal to this court, without having applied to the court below to

set the judgment aside. *Abdil* v. *Abdil,* 26 Ind. 287.; *Cochnower* v. *Cochnower,* 27 Ind. 253.

The judgment will have to be reversed, and we see no way of reversing it in part and affirming it in part.

The reversal of the judgment as to one or more of the parties will unsettle the whole partition and require a new one to be made.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

Petition for a rehearing overruled at the May Term, 1877.