BOWLES *et al.* v. COONEY *et al.*

No. 6140. Opinion Filed February 2, 1915.

(146 Pac. 221.)

1.   APPEAL AND ERROR—Necessary Parties—Dismissal. All persons who were parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment

on appeal, must properly be brought in and made parties in the appellate court, or the proceeding will be dismissed.

2.    APPEAL AND ERROR—Case-made—Service—Parties. Where a joint judgment has been rendered against two defendants, and the case-made is not served within three days, and an order is made on behalf of one of said defendants extending the time for making and serving case-made, and such case-made is not served upon the other defendant, the appeal will be dismissed for want of necessary parties.

3.    APPEAL AND ERROR—Case-made—Service. Where the facts are as shown by the foregoing paragraph, the fact that the petition in error purports to be in the name of both of the defendants in no wise cures the neglect to properly lay the foundation for appeal in the lower court.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*

*Jesse M. Hatchett, Judge.*

Action by Neita Corinne Cooney and another, by A. Neely, their guardian, against Hattie M. Bowles and another. Judgment for plaintiffs, and one of defendants brings error. Dismissed.

*Kyle & Newman,* for plaintiffs in error.

*McPherren & Cochran,* for defendants in error.

SHARP, J.   On October 17, 1913, in the district court of Bryan county, a joint judgment was rendered against R. P. Bowles and Hattie M. Bowles, in favor of the plaintiffs in the sum of $1,200, with interest at 7 per cent. per annum from July 18, 1911, and for $138.90 attorney fees. On November 4th following, defendant Hattie M. Bowles filed her separate motion to vacate the judgment. Thereafter, and on November 21st following, the defendant R. P. Bowles filed his motion to set aside said judgment. Said motions coming on to be heard on November 22d, evidence both in support of and against said motions was introduced, and on the same day findings of fact were made by

the trial court, and thereafter judgment entered, denying the relief invoked by said motions.  To this action of the court the defendants each excepted, and the defendant Hattie M. Bowles asked and was granted 90 days in which to make and serve upon the plaintiffs a case-made for appeal, and the plaintiffs therein were given 10 days after service in which to suggest amendments thereto; the case to be settled and signed upon five days' notice in writing.  On February 17, 1914, the case-made, which included only the proceedings had on said motions to vacate and set aside the joint judgment, was by the attorneys for said defendants served on counsel for plaintiffs, and was settled and signed by the trial judge on February 28th following.  No order extending the time within which to prepare and serve case was ever given the defendant R. P. Bowles, and it was never served upon him, though his name still appears in the proceedings had in the trial court as a defendant, and in the petition in error filed in this court as a coplaintiff in error.  A motion has been lodged to dismiss the appeal on the ground that said R. P. Bowles being a necessary party to the appeal, and having failed to perfect his appeal in a manner such as would entitle him to become a proper plaintiff in error, and the said Hattie M. Bowles not having served a case-made on the said R. P. Bowles, all necessary parties are for that reason not before the court.

The judgment, as we have already seen, was a joint judgment.  The purported case-made was not served upon the plaintiffs within three days after the judgment or order overruling their motion, nor was any extension of time asked or given the defendant R. P. Bowles in which to prepare and serve a case-made for appeal.  Therefore the judgment overruling his motion, as to him, became final, and the proceedings had in the matter of serving the case-made on the plaintiffs, or the action of the court in signing and settling the same, cannot be availed of by the said defendant, and does not entitle him to a right to have said judgment reviewed.

Turning to the appeal prosecuted by the plaintiff in error Hattie M. Bowles, it does not appear that the case-made was ever served upon her codefendant, R. P. Bowles. It has repeatedly been held by this court: That if a party can, by a reversal or modification of the judgment appealed from, be adversely affected thereby, he is a necessary party to the appeal, and that all who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Weisbender et al. v. School Dist.,* 24 Okla. 173, 103 Pac. 639; *Hughes v. Rhodes,* 25 Okla. 172, 105 Pac. 650; *Seibert v. First Nat. Bank,* 25 Okla. 778, 108 Pac. 628; *Continental Gin Co. v. Huff et al.,* 25 Okla. 798, 108 Pac. 369; *Vaught v. Miners' Bank of Joplin,* 27 Okla. 100, 111 Pac. 214; *Chickasha Light, Heat & Power Co. v. Bezdicheck,* 33 Okla. 688, 126 Pac. 821. If the interest of one who is not brought into the appellate proceedings as a party will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to such other, as to whose interest the judgment has become final by a failure to appeal, the appeal will be dismissed. *County Commissioners v. Harvey et al.,* 5 Okla. 468, 49 Pac. 1007; *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937. Clearly the present case is one that falls within the rule followed by this court from its earliest days and by the Supreme Court of Kansas as well.

R. P. Bowles, not having, in the manner provided by law, joined with his codefendant in the service of a case-made upon the plaintiffs below, and the said Hattie M. Bowles not having served the case-made upon her codefendant, her attempt to appeal from a joint judgment cannot be sustained, but must be dismissed.

All the Justices concur.