## BOYD *et al.* v. ROBINSON *et al.*

### No. 6532.   Opinion Filed June 8, 1915.

### (149 Pac. 1146.)

1. **APPEAL AND ERROR—Parties.** All persons who were parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment on appeal, must properly be brought in and made parties in the appellate court, or the proceeding will be dismissed.

2. **SAME—Service of Case-Made—Joint Judgment—Necessary Parties.** Where a joint judgment has been rendered against two defendants, and the case-made is not served within 15 days, and an order is made on behalf of one of said defendants extending the time for making and serving case-made, and such case-made is not served upon the other defendant, nor the service thereof waived, amendments suggested, nor appearance entered at the signing and settling of the case, by said other defendant, the appeal will be dismissed for want of necessary parties.

3. **SAME.** Where the facts are as shown by the foregoing paragraph, the fact that the petition in error purports to be in the name of both of the defendants in no wise cures the neglect to properly lay the foundation for appeal in the lower court.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. De Graffenried, Judge.*

Action by Lennie Robinson against J. R. Green and others. Judgment for plaintiff. From an order refusing to set aside the judgment, defendant Polly Boyd brings error, naming in her petition defendant Green as a coplaintiff in error, but without serving on him her case-made. Dismissed.

*A. S. McRea,* for plaintiff in error Boyd.

*William B. Moore,* for defendant in error.

SHARP, J.   August 29, 1913, plaintiff, Lennie Robinson, filed his petition against J. R. Green, P. B. Austin, G. W. P. Brown, Polly Boyd, Laura Lock, Willard Brown, and D. J. Allen or Wofford, seeking to quiet title to cer-

tain real estate in J. R. Green, in order that such property might be subjected to an execution on a judgment in favor of plaintiff and against said Green. The action was dismissed without prejudice as to all the defendants, save Polly Boyd and J. R. Green, and on December 12th thereafter, in their absence, judgment was duly rendered against them in favor of plaintiff. On December 20th following, defendant Polly Boyd filed her motion to vacate and set aside said judgment so rendered, which motion, after a hearing had thereon, was denied on March 3, 1914, and said Polly Boyd appeals.

A motion to dismiss the appeal has been filed; one of the grounds thereof being that J. R. Green is a necessary party to the appeal, and, not having been served with case-made, is not properly before the court. Green, as we have seen, was a codefendant in the case below. The judgment against him and Polly Boyd determined that certain conveyances made by Green to one Austin, and by the latter to Boyd, were fraudulent and void, and quieted the title in Green. A judgment favorable to Boyd would, therefore, necessarily affect Green's title, while a judgment against Boyd would tend to establish a liability against Green, arising out of his warranty of title. Being parties to the conveyances attacked, and by the decree vacated, both Green and Boyd were interested in the ultimate decision of the case, and hence are necessary parties to the proceedings for review. *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971; *May et al. v. Fitzpatrick et al.,* 35 Okla. 45, 127 Pac. 702; *Crow v. Hardridge,* 43 Okla. 46:? 143 Pac. 183. No effort was made by Green to procure a new trial, or to vacate the judgment rendered against him, or to take the steps necessary to an appeal therefrom. Polly Boyd asked and was given 60 days' time in which to prepare and serve a case-made for appeal in her own behalf. The case-made prepared by Green's co-

defendant was never served upon him, nor was service thereof waived, amendments suggested, or any form of appearance entered by him in the settlement of case-made on May 2d.

While Green's name appears as a co-plaintiff in error in the petition in error filed in this court, such fact alone does not give this court jurisdiction to review the judgment against him, and, he not having properly been made a party to the appeal, the proceedings in error prosecuted by the plaintiff in error Polly Boyd must be dismissed. *Thompson et al. v. Fulton*, 29 Okla. 700, 119 Pac. 244; *Kansas City, M. & O. R. Co. v. Williams*, 33 Okla. 202, 124 Pac. 63; *American Nat. Bank v. Linotype Co.*, 31 Okla. 533, 122 Pac. 507; *Bowles et al. v. Cooney et al.*, 45 Okla. 517, 146 Pac. 221.

All the Justices concur.