## SPRINGFIELD *et al.* v. THOMPSON *et al.*

No. 6227.   Opinion Filed June 8, 1915.

(149 Pac. 1093.)

1. **APPEAL AND ERROR—Case-Made—Service—Dismissal—Necessary Parties.** Where a joint judgment has been rendered against three defendants, and the case-made is not served within 15 days, and an order is made on behalf of two of said defendants extending the time for making and serving case-made, and such case-made is not served upon the third defendant, nor the service thereof waived, amendments suggested, nor appearance entered at the signing and settling of the case, by said other defendant, the appeal will be dismissed for want of necessary parties.

2. **SAME—Failure to Serve Case-Made—Cure of Error.** Naming said defendant as a defendant in error in the petition in error, and the issuance and service upon her of a summons in error, does not serve to cure the failure to service the case-made on such defendant.

(Syllabus by the Court.)

*Error from District Court, Ellis County;*
*G. A. Brown, Judge.*

Action by Edward H. Thompson against W. H. Springfield and others. Judgment for plaintiff, and certain defendants bring error. Dismissed.

*C. B. Warren* and *W. O. Cromwell,* for plaintiffs in error.

*C. B. Leedy,* for defendant in error Edward. H. Thompson.

SHARP, J. This appeal is prosecuted from the judgment of the district court in favor of defendant in error Edward H. Thompson against plaintiffs in error, W. H. Springfield and John R. Thompson, and defendant in error Amanda J. Hankins. The last three named parties were defendants in the trial court. The decree was for the cancellation and annulment of certain deeds of conveyance made in fraud of the rights of the plaintiff, Edward H.

Thompson, one of which deeds was executed by the defendant W. H. Springfield to his codefendant, Amanda J. Hankins. Motion for a new trial was filed by defendants John R. Thompson and W. H. Springfield, which motion was on October 7, 1913, overruled, to which action said last-named defendants excepted. The defendants were then given 90 days from date thereof in which to make and serve case-made for appeal. Thereafter defendants Springfield and Thompson obtained an order extending the time in which to make and serve a case. On February 28, 1914, the case-made was served upon A. M. Appleget, attorney for plaintiff, Edward H. Thompson, but was never served upon defendant Amanda J. Hankins. It is said, however, by the plaintiffs in error, in their answer to the motion to dismiss the appeal, that S. A. Miller and A. M. Appleget were also attorneys for Amanda J. Hankins. The latter, though duly served with summons, made no appearance in the lower court, and at the trial she was. adjudged in default. That she may have consulted with either of the attorneys named is of no consequence, for it does not appear from the record before us that they were her attorneys of record. But even were our conclusions in this respect wrong, it would not benefit plaintiffs in error, as we shall see. The notice accompanying the case-made is addressed:

"To the Above-Named Edward (or E.) H. Thompson, and to His Attorneys of Record, A. M. Appleget, S. W. Miller."

And the acceptance which follows the notice reads:

"I, the undersigned attorney of record for the plaintiff, E. H. Thompson, hereby accept and acknowledge due, legal, and timely service of the above and foregoing case-made on me this 28th day of February, 1914, for and in behalf of said plaintiff, E. H. Thompson."

And it is signed:

"S. A. MILLER and A. M. APPLEGET,
        *"Attorneys for Plaintiff."*

While the record fails to show that either Miller or Appleget was attorney of record for Amanda J. Hankins, yet, though they were, the case-made was accepted by them in behalf of E. H. Thompson alone. No other reasonable construction can be placed on the language of the acceptance. Not only is this true, but in the subsequent notice of settlement of case-made, served upon Appleget and Miller, the title to the case is "W. H. Springfield et al. v. Edward H. Thompson," and it is directed to the "attorneys for said defendant in error."

Obviously, therefore, the case-made was never served as required by statute. No effort was made by Amanda J. Hankins to obtain a new trial, nor has she sought in any manner to vacate said judgment in the trial court, or to reverse such judgment in this court. The case-made prepared by her codefendants not having been served upon her, nor the service thereof waived, nor amendments suggested, nor an appearance entered by her at the time of the settlement of the case-made, the appeal must be dismissed. *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Thompson et al. v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Kansas City, M. & O. R. Co. v. Williams,* 33 Okla. 202, 124 Pac. 63; *May et al. v. Fitzpatrick et al.,* 35 Okla. 45, 127 Pac. 702; *Crow v. Hardridge,* 43 Okla. 463, 143 Pac. 183; *Bowles et al. v. Cooney et al.,* 45 Okla. 517, 146 Pac. 221.

Nor does the fact that a summons in error was subsequently served upon said Amanda J. Hankins serve to give this court jurisdiction to review the judgment against her, for she was entitled to notice of both the time and place of the settlement of the case. *American Nat. Bank v. Linotype Co.,* 31 Okla. 535, 122 Pac. 507.

For the reason stated, the proceedings in error are dismissed.

All the Justices concur, except BROWN, J., not participating.