## HENDRIX *et al.* v. HENDRIX.

No. 4024.   Opinion Filed June 29, 1915.

Rehearing Denied August 3, 1915.

(151 Pac. 690.)

1.   **APPEAL AND ERROR—Parties—Effect of Joining in Petition.**
Where parties in the trial court are necessary as parties here, but such parties failed to file a motion for new trial in the court below, and served no case-made within the time allowed by law, or a valid order extending, as to them, the time, and where such

parties were not made defendants in error, the mere joining them in a petition in error as plaintiffs in error, along with others who had laid the proper foundation for an appeal, does not bring them into this court.

2. **APPEAL AND ERROR—Service of Case-Made—Extension of Time—Validity of Order.** Where judgment was rendered against several defendants on May 19, 1911, and three of the defendants filed no motion for a new trial, but four other defendants did, and on June 3, 1911, the motion for new trial was overruled, and time extended in which hto serve case-made as to "defendants" generally, **held** that, as to the three defendants not complaining of the judgment by motion for new trial, the order extending the time in which to serve a case was a nullity.

(Syllabus by Brewer. C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Lem Mitchell Hendrix against James Hendrix and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Duke Stone, Robertson & Hull,* and *Thompson & Patterson,* for plaintiffs in error.

*Blanton & Andrews,* for defendant in error.

Opinion by BREWER, C. Defendant in error has filed a motion to dismiss this appeal, upon the ground that necessary parties have not been properly brought into this court.

Lem Mitchell Hendrix, an Indian minor, by his guardian, brought this suit, as plaintiff below, against James Hendrix, Mattie Hendrix, J. W. Sample, W. H. Hardin, R. L. McCormick, T. S. East, and R. W. Shepherd. After the trial, the death of Shepherd was suggested, and his wife, Grace Shepherd, was substituted for and in his stead. The purpose of the suit was to have canceled certain deeds conveying an allotment of lands belonging to Lem Mitchell Hendrix—the first being a deed

from William Hendrix, his former guardian, to James Hendrix, a brother; second, a deed from James Hendrix and Mattie Hendrix, his wife, to J. W. Sample; third, a deed from Sample to Shepherd. Hardin, McCormick, and East were made defendants, because they were in possession of the land as tenants of either James Hendrix or Sample.

It seems that on March 26, 1909, pursuant to former proceedings in the county court of Garvin county authorizing the same, William Hendrix, the guardian of plaintiff, who was at the time in jail at Paris, Tex., under life sentence for the crime of murder, executed a guardian's deed to his brother, James Hendrix, on a bid of $3,080 for the land. It is claimed that James Hendrix got possession of this deed without having paid the consideration, and the manner as to how he possessed himself of the deed was a matter of controversy. On May 10, 1909, the county court in which the sale was made served notice on James Hendrix to show cause by May 22, 1909, why the sale, and the order confirming same, should not be canceled and set aside. On May 22d, the date named in the notice, the sale and confirmation thereof were annulled, canceled, and set aside. Between these dates, viz., May 17, 1909, a deed was made by James Hendrix and his wife, Mattie Hendrix, to J. W. Sample, reciting a consideration of $2,000; on June 19, 1909, Sample conveyed by warranty deed, reciting a consideration of $1,800, to R. W. Shepherd; and on August —, 1909, Shepherd reconveyed by warranty deed, reciting a consideration of $2,000, to Sample.

The petition alleged fraud, conspiracy, and knowledge upon the part of all the parties that the minor's land had not been paid for, and of the irregularity and defects in the title. On May 19, 1911, the

jury rendered a general verdict in favor of the plaintiff and against all the defendants. Upon this verdict, and as of that date, a general decree was rendered, canceling the deed from William Hendrix to James Hendrix, and the deed from James Hendrix and wife, Mattie, to J. W. Sample, and the deed from Sample to Shepherd, and further decreeing that "said defendants, James Hendrix, J. W. Sample, R. W. Shepherd, and each of them, be and they are hereby divested of any right, title, interest, or estate in and to said lands," etc., and that the title thereto be vested in the plaintiff. The decree then proceeds to adjudge that Mattie Hendrix, Hardin, McCormick, and East were without interest, right, or title in the lands; that the order of the county court, confirming the sale, be canceled, set aside, and held for naught; that James Hendrix, J. W. Sample, and R. W. Shepherd, and each of them, within ten days, execute and deliver to plaintiff their quitclaim deeds for said land; and that upon their failure so to do, the decree operate as a conveyance of all their respective rights, titles, and interests.

On May 20th a motion for new trial was filed, which commences as follows:

"Come now defendants, J. W. Sample, William Hardin, R. L. McCormick, and T. S. East, and move the court to set aside and vacate the verdict of the jury, and the judgment rendered thereon in this case on the 19th day of May, 1911, and to grant them a new trial herein, for the following causes," etc.

The motion, by said specified defendants, was overruled by the court on the 3d day of June, 1911, in which order "defendants," without naming them, were given time to make and serve a case-made. Within the time allowed a case-made was served, and on May 31, 1912,

said case-made was filed in this court, attached to a petition in error, in which all the defendants in the trial court are set out as plaintiffs in error.

The motion to dismiss is predicated upon the fact that the errors complained of are errors occurring at the trial; that James Hendrix, Mattie Hendrix, and R. W. Shepherd are necessary parties in this court, but that neither of them moved for a new trial in the lower court within the time allowed by law, and that therefore, as to them, the judgment and decree of the lower court became final on the day of its rendition, May 19, 1911, and that, as they had failed to move for a new trial within the three days allowed, the order of the court, made on June 3d, allowing "defendants" time in which to serve a case-made, was without effect as to said three defendants; that as to them no order was made extending the time to serve a case-made, and none was served within the time allowed them by law; that the mere bringing them into the petition in error here as plaintiffs in error is, as to them, without force and effect, and does not bring them before the court.

This contention is answered by the general proposition that their failure to apply for a new trial was an oversight of counsel, and that the court having acted on the motion, overruling it, and having used the word "defendants" generally, without naming them, shows that the parties and the court treated these particular defendants as having jo'ned in the motion for new trial. It is practically conceded in the answer to this motion that these parties are necessary here. This answer to the motion to dismiss is without merit. As has been shown by the quotation from the motion, care is taken in naming those part'es who complain of the verdict of the jury.

It proceeds in the name of Mr. Sample and his three tenants, whose only interests in the lands were the interests of tenants. No court would be justified in holding that this motion for a new trial embraced James Hendrix, Mattie Hendrix, and R. W. Shepherd, when in fact its language, by specifically naming the others, excludes them. Therefore these defendants, confessedly necessary parties here, are found with a verdict and judgment against them in the lower court, against which they have not complained, and to relieve themselves of which they took no action within the time allowed them by law. In this situation, assuming that they joined in the request for an extension of time to make and serve case-made, the court, on June 3d, was without authority, as to them, to extend the time. In this situation they should have been made defendants in error and brought into this court as such by summons or waiver.

Besides, it may be observed that as to these particular defendants the verdict and judgment was rendered on May 19, 1911. The petition in error was filed on May 31, 1912, which was more than one year after the judgment rendered against these particular defendants. While the facts are somewhat different, yet we think the principle announced by Justice Sharp in *Bowles et al. v. Cooney et al.*, 45 Okla. 517, 146 Pac. 221, is controlling in this case. In that case it is held:

"(2) Where a joint judgment has been rendered against two defendants, and the case-made is not served within three days, and an order is made on behalf of one of said defendants extending the time for making and serving case-made, and such case-made is not served upon the other defendant, the appeal will be dismissed for want of necessary parties.

"(3)   Where the facts are as shown by the foregoing paragraphs, the fact that the petition in error purports to be in the name of both of the defendants in no wise cures the neglect to properly lay the foundation for appeal in the lower court."

Here, as in that case, it must be held that the fact that these parties are named in the petition in error as parties plaintiff in no wise cures the failure to properly lay the foundation for appeal in the lower court. A careful reading of the *Bowles v. Cooney* Case will, we think, make it clear that the principle there announced is equally applicable to the instant case. These three parties are not here as defendants in error, because none of the steps necessary to make them such have been taken. While they are named as plaintiffs in error here, they filed no motion for new trial; and they are cut off from alleging errors of law occurring at the trial. They were not, within the time allowed by law, given additional time to serve case-made, and served none within the time allowed; and having failed to complain of the verdict by motion for new trial, the judgment became final as to them, more than one year before the filing of the appeal. Therefore parties necessary to be here are not here, and for want of such necessary parties the proceeding should be dismissed.

By the Court:   It is so ordered.