## BAKER *et al.* v. SHEPHERD.

No. 4993.   Opinion Filed September 14, 1915.

(151 Pac. 868.)

**APPEAL AND ERROR—Necessary Parties—Joinder in Petition in Error—Effect.** Where parties in the trial court are necessary as parties here, but such parties failed to file a motion for new trial in the court below, and served no case-made within the time allowed by law, or by a valid order extending, as to them, the time, and where such parties were not made defendants in error, the mere joining them in the petition in error as plaintiffs in error, along with others who had laid the proper foundation for an appeal, does not bring them into this court.

(Syllabus by Brewer, C.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by T. B. Shepherd against C. G. Baker and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Mounts & Davis* and *Gray & McVay,* for plaintiffs in error.

*Wilson & Roe,* for defendant in error.

Opinion by BREWER, C. . This is a suit on a plain promissory note, signed by C. G. Baker, J. H. Booth, and W. D. Booth. J. H. Booth does not appear to have been served with process, and was not and is not involved in the case. The other defendants filed a joint answer, consisting of a general denial, and a second paragraph, which alleges substantially that W. D. Booth had a son by the same name, and that, although he signed the note "W. D. Booth," and that was his name and the way he signed it, yet that he, in fact, signed said name as the agent of his son, thereby intending to bind and obligate

his son, and not himself, in the payment of the note, and that therefore he should be discharged from any liability on account thereof.

At a trial of the cause on October 4, 1912, the court sustained a demurrer to the evidence offered by the defendants and rendered a joint judgment against both Booth and Baker for the amount of the note. On October 7, 1912, the defendant Booth, in his individual name, filed a motion for new trial, which was, on October 9th thereafter, overruled by the court, and this particular defendant was allowed 60 days within which to make and serve a case-made for the purposes of appeal. This the defendant Booth did within the time allowed, and filed his appeal in this court on April 7, 1913.

Defendant in error has moved to dismiss this appeal, for the reason that C. G. Baker, one of the joint judgment debtors, is a necessary and indispensable party to the appeal, and is not properly here, inasmuch as said Baker did not file or join in the motion for a new trial, did not ask and was not allowed time for serving a case-made, and that therefore, as to him, the judgment became final on the day of its rendition, October 4, 1912, which was more than six months before the filing of the proceedings in error in this court on April 7, 1913. The motion must be sustained. This is not only a joint judgment against the parties below, but the situation of the parties is such that, were his codefendant Booth to reverse the judgment, it would materially and injuriously affect Baker, for the reason that, as the judgment now stands against them both, as makers of the note, Baker would have the right to a contribution in its payment from Booth. If Booth reverses the judgment and is relieved

from liability thereon, Baker would stand liable for the payment of the note alone. This case is almost identical in its aspects to that of *Hendrix et al. v. Hendrix*, **50** Okla. 514, 151 Pac. 690, in which case it is held:

"(1) Where parties in the trial court are necessary as parties here, but such parties failed to file a motion for new trial in the court below, and served no case-made within the time allowed by law, or a valid order extending, as to them, the time, and where such parties were not made defendants in error, the mere joining them in the petition in error as plaintiffs in error, along with others who had laid the proper foundation for an appeal, does not bring them into this court.

"(2) Where judgment was rendered against several defendants on May 19, 1911, and three of the defendants filed no motion for a new trial, but four other defendants did, and on June 3, 1911, the motion for new trial was overruled, and time extended in which to serve case-made as to 'defendants' generally, *held* that, as to the three defendants not complaining of the judgment by motion for new trial, the order extending the time in which to serve a case was a nullity."

The Hendrix Case, *supra*, goes somewhat in detail into a discussion of the points involved here, and cites *Bowles v. Cooney*, 45 Okla. 517, 146 Pac. 221, to which citation may be added the case of *Springfield et al. v. Thompson et al.*, 47 Okla. 567, 149 Pac. 1093.

Therefore, for want of indispensable parties on appeal, this cause should be dismissed.

By the Court: It is so ordered.