**ARKANSAS VALLEY NAT. BANK v. McCOLLOM et al.**

No. 8587—Opinion Filed Jan. 9, 1917.

Rehearing Denied May 29, 1917.

(165 Pac. 193.)

(Syllabus by the Court.)

1. **Appeal and Error—Parties on Appeal—Dismissal.**

All parties against whom a joint judgment has been rendered, and whose interests will be affected by a reversal or modification of the judgment appealed from, must be made parties to the appeal; and where such is not done the appeal will be dismissed.

2. **Same—Names of Appellants—Foundation for Appeal.**

The fact that the petition in error purports to be in the name of all of defendants in no wise cures the neglect to properly lay the foundation for appeal in the lower court (following Bowles et al. v. Cooney et al., 45 Okla. 517, 146 Pac. 221).

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by the Arkansas Valley National Bank against James M. McCollom and others. Judgment by default against defendant James M. McCollom, and judgment against defendant Anna McCollom, and plaintiff brings error. Dismissed.

F. C. Shoemaker, for plaintiff in error.

McNeill & McNeill, for defendants in error Anna and Perry McCollom.

PER CURIAM. This action was brought by the Arkansas Valley National Bank, plaintiff in error, in the district court of Pawnee county, against James M. McCollom and Anna McCollom, defendants in error, upon three promissory notes executed by them to plaintiff, which notes were secured by a mortgage executed by defendants upon their lands. Certain other parties were joined as defendants, which we deem not necessary to mention. Anna McCollom answered, and set up as her defense to the action that certain usurious interest had been charged; that she was entitled to certain credits on said notes, which had not been made by plaintiff in error, etc. The cause was tried to a jury, and resulted in a verdict against Anna McCollom, upon which the court entered judgment, and also rendered judgment by default against James M. McCollom. The judgment recites:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff do have and recover of and from the defendants J. M. McCollom and Anna McCollom the sum of $630.89, the amount so as aforesaid found to be due said plaintiff, and costs herein, taxed at $———; that said judgment bear interest at the rate of 10 per cent. per annum."

It therefore clearly appears that this is a joint judgment. Motion to dismiss this appeal has been filed upon the ground, among others, that James M. McCollom has not been made a party hereto, that no case-made was served upon him or his attorney, that no summons in error has been issued or served upon him, and that, since the judgment was a joint judgment, he is a necessary party to this appeal. The motion will be sustained. It is a rule in this jurisdiction, too well settled to require the citation of authorities, that all parties to a joint judgment, whose interests will be affected by a reversal or modification of the judgment appealed from, must be made parties to the

appeal, and, where such has not been done, the appeal will be dismissed.

Plaintiff in error contends that Anna McCollom appeared and defended the action in her own right, and for and in behalf of her husband, in compliance with section 4685, Rev. Laws 1910, and for that reason James M. McCollom is not a necessary party to this appeal. This contention is without merit, in view of the fact that the judgment rendered herein was a joint judgment against both Anna and James M. McCollom. And the fact that the petition in error purports to be in the names of both defendants in error in no wise cures the neglect to properly lay the foundation for appeal in the lower court. Bowles et al. v. Cooney et al., 45 Okla. 517, 146 Pac. 221. Neither is there any merit in the contention that attorneys for defendants in error waived the issuance and service of summons in error and accepted service of case-made for said James M. McCollom, since said attorneys appeared only as attorneys for defendants Anna McCollom and Perry McCollom.

For the reasons stated, the appeal is dismissed.