**WILSON et al. v. JONES.**

No. 4668—Opinion Filed Oct. 9, 1917.

(168 Pac. 194.)

(Syllabus.)

1. **Appeal and Error—Parties — Joinder in Petition in Error.**

A joint judgment was rendered against B. and W., and the latter only filed a motion for a new trial. When it was over-ruled and exceptions saved. B. not only joined with W. in securing an extension of time in which to make and serve a case, but in making and serving the same and with him duly submitted it for settlement and signing; and, after the same was filed in the office of the clerk, also joined with him as plaintiff in error in the petition in error attached to the case-made in this court. Held, that W. is here as a proper plaintiff in error, and can assign as error both errors apparent on the judgment roll and errors occurring at the trial saved by his motion for a new trial. Held, further, that B. is here as a proper plaintiff in error, and can assign as error such errors as are apparent on the judgment roll.

2. **Pleading — Departure — Objection.**

An objection to a pleading on the ground of a departure must be raised by a motion to strike. It cannot be raised by a motion for judgment on the pleadings.

Error from District Court, Wagoner County; R. C. Allen, Judge.

Action by George Jones against Isaac N. Bailey and others. Judgment for plaintiff, and defendants Bailey and Wilson bring error. On rehearing judgment affirmed.

[Former opinion, published in 154 Pac. 663, withdrawn.]

E. G. Wilson, for plaintiffs in error.

Bailey, Wyand & Moon, and Watts & Molony, for defendant in error.

TURNER, J. On January 29, 1912, George Jones, defendant in error, sued Isaac N. Bailey, E. G. Wilson, plaintiffs in error, and F. W. Casner, in the district court of Wagoner county. The amended petition substantially states that on September 6, 1905, Jones was the owner of a certain tract of land which he agreed to sell to Bailey for $675, $650 of which was to be paid when he was satisfied with the title, and $25, 30 days after receiving a deed thereto; that Bailey thereafter fraudulently obtained possession of the deed from plaintiff without paying any part of the $675, and recorded the same and sold the land to Wilson, after mortgaging it to Casner, both of whom at the time had knowledge of and participated in the fraud. The prayer was that all the conveyances be set aside and for judgment against Wilson for mesne profits, or, should the court hold the conveyances good, for judgment against Bailey for $675, and that the same be declared a lien on the land and foreclosed to satisfy the same, and for general relief. Casner answered, and, after a general denial, by cross-petition set up his mortgage and prayed that it be foreclosed. Wilson, after general denial and a

plea that plaintiff's last amended petition was a departure from his two preceding, stood on his deed from Bailey and asked to be discharged, with his costs. Bailey was not served with summons and did not answer. There was trial to the court and judgment for Casner, foreclosing his mortgage, and in favor of plaintiff and against Bailey and Wilson, in effect, that Bailey had procured the deed through fraud, without paying the purchase money, and thereafter, subject to the mortgage, had conveyed it to Wilson, who, after notice that Bailey had not paid Jones for the land, had executed in part payment therefor his note to Bailey for $675, which was unpaid. It was therefore—

"* * * considered, ordered and adjudged that the plaintiff have judgment against the defendant Isaac N. Bailey and defendant E. G. Wilson for the sum of $675 and interest thereon, * * * which the court finds to be the sum of $946. That on and after the expiration of six months * * * issue an order of sale * * * the proceeds arising therefrom be paid as follows: First, the sum of $146.87 to F. W. Casner taxes paid by him; * * * second, the unpaid costs of this action; third, amount found due F. W. Casner, to wit, the sum of $1,277, * * * and the residue, if any to the amount of $946, * * * be paid to plaintiff. * * *".

There is no merit in the motion to dismiss the appeal on the ground that Bailey is a necessary party, and is not here as a party plaintiff in error. This for the reason that, assuming him to be a necessary party (which of course he is), the judgment sought to be reviewed being joint as between him and Wilson, Bailey is properly here as a party plaintiff in error. On this point the record discloses that Bailey, although he was neither summoned nor answered, appeared, according to the judgment entry, by his attorney, announced ready for trial, participated therein, and that judgment went against him and Wilson, as stated; that although he filed no motion for a new trial, Wilson did, and when it was overruled and exceptions saved not only joined with Wilson in securing an extension of time in which to make and serve a case-made, but in making and serving the same, and with him duly submitted the same for settlement and signing, and after the same was filed in the office of the clerk, also joined with him as a plaintiff in error in the petition in error attached to the case-made in this court. We say he is properly here as a party plaintiff in error, and that he may be heard on any assignment of error apparent on the face of the record, for, to preserve such, a motion for a new trial is not necessary. We say he is here and might be likened to A., who is sued with B., as joint makers of a promissory note. A. answers in the nature of a plea in confession and avoidance which does not avoid, and has a motion for judgment on the pleadings sustained against him. B. answers and goes to trial, and there is a verdict against him. Whereupon he only files a motion for a new trial, which is overruled and a joint judgment rendered against both A. and B. for the amount of the note. Thereupon both proceed, as Bailey and Wilson have done here, that is, they join in securing time within which to make and serve a case-made and in making and serving it within that time and in duly submitting it for settlement and signing, after which they join in the petition in error as plaintiffs in error and the same, with the case-made, is duly filed in this court. There can be no doubt that B. is here as a party plaintiff in error and can assign as error both errors apparent on the judgment roll, and errors occurring at the trial saved by his motion for a new trial. Neither can it be doubted that A. is here as a party plaintiff in error and can be heard to urge that the court erred in sustaining against him the motion for judgment on the pleadings which, being error apparent on the judgment roll, requires no motion for a new trial to review.

This is not in conflict with Bowles et al. v. Cooney et al., 45 Okla. 517, 146 Pac. 221, relied on for dismissal. There plaintiff took a joint judgment against R. P. Bowles and Hattie, his wife. Later she filed a motion to set it aside, and thereafter he did likewise, but both were overruled and judgment was entered accordingly. Each excepted, and she was granted time in which to make and serve a case-made, which was done and the same duly settled and signed. No order extending the time to make and serve a case-made was ever given him, and her case-made was never served on him, but his name appeared as her coplaintiff in error in this court. And for the reason that the same was not so served, the appeal was dismissed. There the court held, in effect, that merely joining in the petition in error as a party plaintiff in error was not sufficient to bring Bowles within the jurisdiction of this court. This is also held in Boyd et al. v. Robinson et al., 47 Okla. 591, 149 Pac. 1146; Baker et al. v. Shepherd, 51 Okla. 223, 151 Pac. 868; Hendrix et al. v. Hendrix, 50 Okla. 514, 151 Pac. 690.

We are therefore of opinion that both Bailey and Wilson are properly before this court as parties plaintiff in error, and that

Bailey can be heard to urge error apparent upon the judgment roll, and Wilson not only such, but all such as may be preserved in his motion for a new trial.

It is urged by Wilson that there were filed in the case three petitions; that the last amended petition was a departure from the two previous petitions, which alleged that Jones sold and conveyed the land is question to Bailey; that Bailey procured the abstract thereto; that the sale and conveyance was by warranty deed; and that Bailey was to pay for the land in the future upon a satisfactory showing of an abstract to be made in the future, while the last amended petition alleges the terms of a parol contract to sell real estate and deliver a deed only upon the payment of the purchase price agreed upon. And it is contended that the latter petition contradicts the previous verified petitions in this: That Jones did not sell and convey to Bailey by warranty deed the land in question on the date on which the parol contract to sell is alleged to have been entered into. In support of this contention is cited Johnson v. Bank, 59 Kan. 250, 52 Pac. 860; Bank v. Woodworth, 14 N. M. 502, 94 Pac. 957; Nugent v. Powell, 4 Wyo. 173, 33 Pac. 23, 20 L. R. A. 199, 62 Am. St. Rep. 17; Myers v. Presbyterian Church, 11 Okla. 544, 69 Pac. 874. A motion for judgment on the pleadings was filed and overruled by the court, and this question of departure is attempted to be raised under the assignment that the court erred in overruling said motion. But this cannot be done. It was held in Merchants' & Planters' Ins. Co. v. Marsh, 34 Okla. 453; 125 Pac. 1100, 42 L. R. A. (N. S.) 996, that:

"An objection to a pleading on the ground of a departure must, in this jurisdiction, be raised by a motion to strike. It cannot be raised by demurrer, or by an objection to the introduction of evidence."

In St. Paul F. & M. Ins. Co. v. Mt. Park Stock Farm Co., 23 Okla. 79, 99 Pac. 647, we held that there was a departure in the pleadings, but that the question of a departure could not be raised by an objection to the introduction of evidence under the pleadings, and that the defendant waived the defect by failing to move to strike the reply and by going to trial on the issues thus raised. Here the question of departure in the pleadings was attempted to be raised by a motion for judgment on the pleadings. This motion is a plea in the nature of a demurrer, and admits, for its purpose, the truth of all the facts which are well pleaded by the opposite party. C. E. Sharp Lmbr. Co. v. Kansas Ice Co. et. al.. 42 Okla. 680, 142 Pac. 1016.

We are therefore of opinion that the court did not err in overruling the motion for judgment on the pleadings on the ground of a departure; and, finding no merit in the remaining assignments of error, the judgment is affirmed.

All the Justices concur, except OWEN, J., not participating.