## MANN et al. v. MANN.

No. 8517—Opinion Filed Jan. 22, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 777.)

**Appeal and Error—Joint Judgment—Parties.**

All parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs in error or as defendants in error, before such judgment can be reviewed.

(Syllabus by Rummons, C.)

Error from District Court, Muskogee County; R. P. DeGraffenried, Judge.

Action by Hazel Mann against William J. Mann and others. Judgment for plaintiff, and defendants Federal Union Surety Company and Western Indemnity Company bring error. Dismissed.

L. Roach, for plaintiffs in error.

H. C. Lively and Ambrister & Ambrister, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Muskogee county by the defendant in error to recover upon a guardian's bond against William J. Mann and Federal Union. Surety Company and Western Indemnity Company. Plaintiff had judgment against the defendants to reverse which the Federal Union Surety Company and Western Indemnity Company prosecute this proceeding in error. The defendant in error moves to dismiss this appeal for the reason that William J. Mann, one of the defendants below, was not served with summons in error and is not a party to this appeal. The trial court rendered the following judgment:

"It is therefore considered, ordered, and adjudged that the plaintiff do have and recover from the defendant Western Indemnity Company, as successor and trustee for the Federal Union Surety Company, and from the defendant William J. Mann the principal sum of $2,692.75, with interest thereon. * * *"

This is clearly a joint judgment against the defendant William J. Mann and Western Indemnity Company. Under repeated decisions of this court "all parties to a joint judgment must be joined in a proceeding in error in this court, either as plaintiffs in error or as defendants in error, before such judgment can be reviewed." National Surety Co. v. Oklahoma Presbyterian College for Girls, 38 Okla. 429, 132 Pac. 652; Michael v. Isom, 43 Okla. 708, 143 Pac. 1053; Arkansas Valley National Bank v. McCollom, 64 Okla. 3, 165 Pac. 193; Bowles v. Cooney, 45 Okla. 517, 146 Pac. 221; Grounds v. Dingman, 60 Okla. 247, 160 Pac. 883; Long v. Bearden et al. (United States Fidelity & Guaranty Co. v. Long et al.), 58 Okla. 653, 160 Pac. 467; Wade v. Hope, 65 Okla. 69, 162 Pac. 742.

Counsel for plaintiff in error cites chapter 210, Sess. Laws 1917, p. 403, being an act abolishing summons in error and providing on whom the case-made may be served and the necessary parties to the petition in error. This appeal, however, was lodged in this court on August 5, 1916, long before the passage of the act relied upon by plaintiffs in error. As the act of the Legislature in question does not purport to have any retrospective effect, it cannot avail the plaintiff in error in the instant case.

It is further earnestly contended by plaintiffs in error that William J. Mann is not a necessary party to this appeal for the reason that he cannot be adversely affected by a reversal of this judgment. In view of the authorities cited above, we are constrained to hold that, being one of the parties to a joint judgment, he is a necessary party to an appeal to this court from such judgment, since a reversal of the judgment would necessitate a new trial of the cause and would vacate a judgment with which the said William J. Mann appears to be satisfied. We are therefore unable to say that he would not be adversely affected by a reversal of such judgment.

The defendant William J. Mann not having joined in the petition in error, and not having been made a defendant in error nor served with summons in error, and not having waived service of such summons, we are

without jurisdiction to review the judgment complained of.

This appeal should therefore be dismissed. By the Court: It is so ordered.