### KNOX et al. v. CRUEL.

No. 5398—Opinion Filed Jan. 13, 1919.

(178 Pac. 91.)

**Appeal and Error—Service of Case-Made—Summons in Error—Waiver.**

Where a joint judgment has been rendered in the trial court against several defendants, part of whom have properly filed their appeal in this court by petition in error and a copy of the record attached thereto, and a party defendant who has failed to take proper steps to appeal from said judgment by filing a motion for a new trial or joining with his codefendants in their motion for a new trial and preparing and serving a case-made, joins with his codefendants in the petition in error, with the record attached thereto, this court has jurisdiction to review such judgment on the record as presented, and render such judgment as the record justifies, and the defendant, who thus joins in a petition in error, will be deemed to have waived the service of a case-made upon him or the issuance and service of summons in error, and submitted himself to the jurisdiction of this court for the purpose of the determination of the cause on the record as presented.

(Syllabus by Pryor, C.)

Error from District Court Wagoner County; R. C. Allen, Judge.

Action by Ed Cruel, a minor, by A. J. Mason, his guardian, against Ed Knox and others. Judgment for plaintiff, and defendants bring error. Motion to dismiss appeal denied.

Jesse W. Watts for plaintiff in error Southwestern Surety Ins. Co.

Rittenhouse & Brown, for defendant in error.

Opinion by PRYOR, C. On the 29th day of July, 1913, the plaintiffs in error filed in this cause their petition in error with case-made attached thereto. On the 6th day of April, 1917, the defendant in error filed a motion to dismiss the appeal in said cause for the reasons: First, that the plaintiffs in error had failed to serve and file briefs within the time prescribed by the rules of this court by orders extending the time within which the plaintiffs in error should file briefs; second, that all the parties necessary for review and final decision in this court are not properly bought into this court.

As to the first ground, it is sufficient to say that on the 9th day of October, 1916, the plaintiff in error, the Southwestern Surety Insurance Company, filed its brief, which was in time. The motion must be denied in this ground.

As to the second ground, the record in this case presents the same questions that were presented in the case of Bowles v. Cooney, 45 Okla. 517, 146 Pac. 221. This court held in that case that the cause should be dismissed because all of the necessary parties were not properly made parties to the appeal. That case was followed in the case of Wilson et al. v. Jones, 154 Pac.663. but later, on rehearing of the same case, 67 Okla. 6, 168 Pac.194, the court receded from its former opinion in said case, however, basing its opinion in the latter case upon a different question than the one presented in the case of Bowles v. Cooney.

In this cause there was a joint judgment rendered against Ed Knox, a principal S. B. Dawes, J. V. Thackaberry, and the Southwestern Surety Insurance Company, as sureties, on Ed Knox's bond, as guardian of Ed Cruel, a minor. The sureties filed a motion for a new trial, which was overruled by the court and exceptions taken, and they have properly completed their record and filed the same in this court.

Defendant Knox did not join in the motion for a new trial or file a separate motion for a new trial; neither did his codefendants serve the case-made upon him. However, Ed Knox joined his codefendants in the petition in error in this case.

The question presented here for determination is whether or not Knox is properly **made a party** to the appeal. The law is well settled by a long line of decisions of this court that all persons who were parties to the cause in the trial court and whose rights might be affected by the decision of this court must be made parties on appeal, either plaintiffs in error or defendants in error; and, if all necessary parties are not made parties to the appeal, this

court has no jurisdiction to reverse, vacate, or modify the judgment appealed from. The question then is, Has this court, in the condition of the record, jurisdiction of Ed Knox? If it has, then there is no doubt but that the court has jurisdiction of all the other parties and jurisdiction to review the judgment of the lower court. If the codefendants had served the case made upon Knox and procured service of summons in error upon him or waiver of the same, then it would be readily conceded that Knox had been properly made a party to the appeal. Knox joined with the other plaintiffs in error in the petition in error, which has a copy of the case-made attached thereto, and joined the plaintiffs in error in asking that this court, upon the record as presented by the case made, review the proceedings of the trial court and reverse and vacate the same. The only objection to the consideration of this case upon appeal is that the judgment of this court might affect the rights of Knox. This objection is made by the defendants in error. The joining of Knox with the plaintiffs in error in the petition in error has the reasonable and logical effect of a waiver of the service of case-made upon him or the issuance and service of summons in error, and he has thereby submitted himself to the jurisdiction of this court and invoked the jurisdiction of the court to hear and determine the case upon the record as presented. Having done this, it logically follows that he cannot be heard to complain afterwards that the judgment of the court affects his rights, and he is the only person who could complain if he should not have been made a party to the appeal. He may have lost the right to take advantage of the errors of the trial court, if any, that were peculiar to him alone by not reserving and presenting them in a motion for a new trial, but it is his fault, and not the fault of any of the other parties, and as the record stands this court has the jurisdiction to review any question properly raised and reserved in the motion for a new trial by the other plaintiffs in error and presented in this court, and whatever judgment this court may render upon the record will be binding upon Knox as well as the other parties to the action.

The record in this case, in so far as it affects the appellees, is the same as if Ed Knox had been made defendant in error by proper procedure, and none of the rights of the appellees will be lost by reason of a review of this case on the record as presented. The appellate court does not refuse to review a cause on appeal where one of the necessary parties is not made a party to the appeal for the reason that it might affect any of the rights of the parties that are properly made parties on appeal, but for the reason that its determination of the cause might affect some of the substantial rights of the party in the lower court who is not made a party to the appeal. If there is any irregularity in the method in which Knox is made a party to the appeal, it is not an irregularity which the appellees can take advantage of. Knox is the only one who can be heard to complain, and he cannot object to the irregularity and at the same time invoke the jurisdiction of the court to hear and determine the cause on appeal. Therefore the only reasonable and logical conclusion that can be reached is that this court has jurisdiction to review the record and make such determination of the cause as the record justifies, and whether this determination be favorable or unfavorable to Knox, as he has joined in the petition in error and invoked the jurisdiction of this court to review the cause as presented by the record, he cannot be heard hereafter to complain on the grounds that the court had no jurisdiction to render a judgment affecting his rights.

The holding in the case of Bowles v. Cooney, supra, so far as it conflicts with the views herein expressed, should be overruled, and the motion of the defendants in error to dismiss this cause denied, and the parties given the usual time within which to brief said cause on its merits.

SHARP, C. J. We must assume, in the absence of anything appearing to the contrary, that Knox voluntarily joined in the petition in error. While he filed no motion for a new trial and cannot on that account assail the judgment of the trial court for errors of law occurring at the trial he has by his own act entered his appearance in this court. The effect of the course he has pursued is to bring before the court all the parties to the action below. In such circumstances it is not material that he did not file a motion for a new trial, or lay the foundation for an appeal, as that would be necessary only for the purpose of enabling the court to review the judgment as to him for errors of law occurring at the trial, and not to give the court jurisdiction to review the alleged prejudicial errors against the other defendants. Having joined in the petition in error, Knox is before the court, not for the purpose of obtaining any affirmative relief on account of trial errors, but in very much the respect as if named as a defendant in error and served with case-made. His appearance is such as to give the court jurisdiction to review the proceedings of the trial court, properly reserved for review

by his coplaintiffs in error, in so far as the judgment against them is concerned. By filing no motion for a new trial Knox has acquiesced in the judgment against him, and cannot therefore urge any errors alleged to have been committed at the trial. In so far as the case of Bowles v. Cooney, 45 Okla. 517, 146 Pac. 221, announces a contrary rule, it is overruled. The opinion of the Commission is approved.