MERRYMAN et al. v. GOINS et al.

No. 29983. April 14, 1942.

*124 P. 2d 729.*

Jas. L. Hale, of Poteau, and Sam A. Neely and Martin J. Ward, both of Tulsa, for plaintiffs in error.

Babb & Babb, of Poteau, for defendants in error Grace Babcock and Sallie C. Shockley.

A. E. White, of Poteau, Roy Frye, of Sallisaw, and J. B. Perrymore, of Van Buren, Ark., for all other defendants in error.

HURST, J. This action involves the title to accreted lands in Le Flore county. The facts are fully set out in Goins v. Merryman, 183 Okla. 155, 80 P. 2d 268, and will not be repeated here, except where necessary to an understanding of the questions presented. On the first appeal this court settled all legal questions involved, affirmed the judgment of the trial court insofar as it held that the lands were formed by accretion, reversed the judgment as to the division of the land among the riparian owners to whose lands the accretion attached, and directed a division thereof in accordance with the rule announced in Johnston v. Jones, 66 U. S. 209.

When the case came on for hearing in the lower court after the mandate of this court had been spread of record, the court, without hearing further testimony, made a division of the accreted lands, and from this division the plaintiffs in error appeal. They make three contentions: (1) That the trial court erred in refusing to take additional evidence before effecting the division; (2) that it was error to allow Grace Babcock, one of the riparian owners, more of the land than the portion allowed her in the former judgment, from which she did not appeal; and (3) that the trial court erred in finding that the new south line of the river in 1927 was 9,530.4 feet in length instead of 5,900.4 feet.

1. The trial court did not err in refusing to take further evidence before proceeding with the division of the accreted lands. The evidence taken in the first trial was sufficient to establish the necessary facts and to fully disclose the situation of the parties insofar as their right to share in the accreted lands was concerned. All that remained was to effect a proper division. The rights of the various parties to participate in the lands, and the method to be used in effecting the division, were fixed by the former opinion.

2. The fact that Grace Babcock did not file a cross-appeal on the first appeal of the cause did not operate to bar her right to participate in the division of the lands. The reversal as to the division of the lands was an entire reversal of that part of the judgment, and the interests of all parties were thereby affected. Grace Babcock was a defendant in error on the first appeal, and was permitted to adopt and join in the brief of other appealing parties whose situation was identical with hers. The plaintiffs in error cite Knox v. Cruel, 72 Okla. 21, 178 P. 91, Conaway v. Thomas, 101 Okla. 227, 224 P. 965, and other cases holding that a party who does not appeal is deemed to acquiesce in the judgment. But in those cases the right of a party not appealing to profit by a reversal of the judgment upon an appeal by other parties was not involved.

Where the judgment is not severable, or where the rights and interests of the parties are so intermingled or interwoven that reversal as to one would injuriously affect the rights of his coparties, or where the error permeates the entire case, the court may reverse as to nonappealing parties. 4 C. J. 1206; 5 C. J. S. 1423; 3 Am. Jur. 693; Tate v. Goode, 135 Ga. 738, 70 S. E. 571; Milliken v. Cocker (Tex. Civ. App.) 90 S. W. 2d 902; Craig v. Williams, 90 Va. 500, 18 S. E. 899.

In the present case the first judgment of the trial court, holding that those parties whose lands were south of Cache creek were not entitled to participate in the accreted land north of the creek, affected all parties so situated. It was analogous to a judgment for partition, which is not severable. Kyle v. Kyle, 55 Ind. 387; Bumgardner v. Edwards, 85 Ind. 117; Meldahl v. West, 280 Ill. 421, 117 N. E. 593. It resulted in an improper division of the entire tract, and judgment was reversed, with directions to divide the accreted lands "among the parties entitled thereto," on the theory that there must necessarily be an entire redistribution of the accreted land. In such case the rights and interests of all parties were involved, and it would be inequitable to now hold that by failure to appeal Grace Babcock should be deprived of her proper share. We think the case falls within the principle above announced, and that the trial court correctly held that she was entitled to her proportionate share of the accretion.

3. The third contention of plaintiffs in error is well taken. The Merrymans owned fractional lot 3 of section 10, which was the most northerly tract of the lands involved in this action. The evidence at the first trial established that the Arkansas river in 1927 ran from the northwest to the southeast, being north and east of the land involved in this action. The trial court in its last judgment, instead of taking into consideration only the length of the southwest bank of the stream in 1927, included, in determining the length of such line, that part of the quarter section line of section 10 (3,630 feet in length) which was the north boundary line of the land which had accreted to lot 3 on the east by the shifting of the river. Said line was not a part of the southwest bank of the river in 1927, and ran almost at right angles thereto. The length of the southwest bank of the river in 1927, insofar as it bounded the land involved in this action, was found and adjudged to be 5,900.4 feet. The trial court, in applying the formula prescribed by this court in the first opinion, added to the 5,900.4 feet of new river bank the 3,630 feet of boundary line which was not river bank, making a total of 9,530.4. The trial court found that the old bank, existing at the time of the allotment of the lands of the

parties here involved, was 10,730.94 feet in length, and that figure is not now in dispute.

The owner of each parcel is entitled to the same proportion of the new river bank as he originally had of the old bank. Johnston v. Jones, 1 Black, 209, 66 U. S. 209, 17 L. Ed 117; Inhabitants of Deerfield v. Arms, 17 Pick. (Mass.) 41; Newell v. Leathers, 50 La. Ann. 162, 23 So. 243. And in figuring this proportion the footage of the old river bank is to be divided into the footage on the new river bank, and when done each riparian owner will be entitled to approximately .55 of as much new river bank as he had on the old.

Reversed, with instructions to proceed in conformity with the directions herein given.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., absent.