COOL *v.* FIGHTER.

1. SALES—BREACH OF WARRANTY—WARRANTY NOT ESTABLISHED.
     In an action for the purchase price of a radio receiving
     set, where the defense was the breach of an express war-
     ranty that it would give satisfactory results, evidence
     *held*, insufficient to establish such warranty.

2. EVIDENCE—JUDICIAL NOTICE—RADIO RECEIVING SETS NOT PER-
   FECTED.
     The court will take judicial notice of the fact that in
     April, 1924, radio receiving sets were by no means per-
     fected, and that many things entered into the success of
     their operation.

3. SALES—DISSATISFACTION WITH PURCHASE DOES NOT WARRANT
   RESCISSION.
     The fact that the purchaser of a radio receiving set be-
     comes dissatisfied with his purchase does not warrant
     rescission, in the absence of express warranty of satis-
     factory results.

4. SAME—WARRANTY BY DISTRIBUTOR RATHER THAN BY RETAILER.
     If a circular letter, sent to retailers by the distributor of
     a certain make of radio receiving sets and shown by a
     retailer to the purchaser of a set, may be said to amount
     to a warranty, it was the warranty of the distributor
     rather than that of the retailer.

5. SAME—UNIFORM SALES ACT—CREATION OF WARRANTY—IMPLIED
   WARRANTY.
     Where there was no express warranty in the sale of a
     radio receiving set that it would give satisfactory results,
     none was created by the uniform sales act (3 Comp. Laws
     1915, §§ 11845, 11846) that was not in fact fulfilled.

Error to Barry; McPeek (Russell R.), J.    Sub-
mitted April 19, 1927.    (Docket No. 115.)    Decided
June 6, 1927.

Assumpsit by James D. Cool and others, copartners

---

¹Sales, 35 Cyc. p. 464; ²Evidence, 23 C. J. § 1972 (Anno); ³Sales,
35 Cyc. p. 139 (Anno); ⁴Id., 35 Cyc. p. 386; ⁵Id., 35 Cyc. p. 404.

as James D. Cool & Sons, against Claude Fighter for goods sold and delivered.     Judgment for plaintiffs on a directed verdict.     Defendant brings error.     Affirmed.

*Kim Sigler* and *Arthur E. Kidder,* for appellant.

*Philip T. Colgrove,* for appellees.

SNOW, J.     April 1, 1924, plaintiffs sold defendant a radio receiver outfit, known as Radiola X.     Its operation was not satisfactory to defendant, and several attempts were made to better it, but with indifferent success.     After attempting its use for several months, defendant disconnected it, refused to pay for it, and notified plaintiffs to come and get it.     They sued him for the purchase price and repairs, and he gave notice, under a plea of the general issue,

"that it was an express understanding between the parties hereto that the Radiola X would give satisfactory results to the defendant and that it would be reasonably satisfactory for the purpose for which it was intended and that he would be able to receive any station in the United States and also that it was as good as any machine upon the market."

The trial court held that the evidence failed to establish a warranty or a rescission of the contract, and directed a verdict for plaintiffs.

Plaintiffs operated a garage and electric light plant in the village of Freeport, and sold and installed radios. In January, 1924, defendant came to their place of business with the idea of purchasing one.     Radiola X was not in stock, in fact it was not then on the market, but plaintiffs had and produced a circular letter from the jobbers in which this set and others were described and their virtues pointed out.     Defendant read this circular.     He testified:

"I told him I would leave it to his (plaintiff's) judgment which machine to order.     I says: 'They will

certainly work, won't they?' He says: 'They are guaranteed to work;' the company stood behind it."

The plaintiff who sold the set testified:

"He (defendant) said if I thought that Radiola would do what they claimed for it to order one for him. If I thought the Radiola X would follow the specifications as given for it, that I should order one for him. * * * I told him if I was buying one for myself I should buy that Radiola X."

This in substance is all of the testimony on the subject of warranty. In the circular letter, however, was the following:

"On a suitable antenna Radiola X will receive across the continent and it enables the reception of far distant broadcast stations while local stations operate."

Defendant's counsel say:

"Here is an express warranty on the part of the plaintiff that this Radiola X would give satisfactory results for the purpose for which it was intended; that he would be able to receive any station in the United States."

The radio set in operation enabled defendant to receive certain stations, although sometimes indistinctly, but not many. Batteries were changed, repairs made, but at no time was the reception satisfactory to defendant or his family.

We think the court was right in holding the express warranty counted upon was not proven. The most that can be claimed from the evidence is that defendant ordered the radio upon the recommendation of plaintiffs, which in effect was that it was the most desirable. It was not guaranteed to receive any and all stations on all occasions. We may take judicial cognizance of the fact that at the time of purchase radios were by no means perfected, and that many things entered into the success of their operation. A station that could be received plainly one day might

not be heard at all on the next. Condition of the batteries, dry cells, and other parts of the sets, affected its operation, and weather conditions always entered into the situation. Defendant knew but little about radios. This was then true of almost every one. Claims of supremacy of many different kinds and makes were made by manufacturers. The manufacturer of Radiolas made them here, and defendant relied upon his friend's recommendation. The fact he became dissatisfied with his purchase does not warrant rescission. Radio receiving sets have always been and still are more or less unsatisfactory and will continue so until more improvements are made. There was nothing exceptional about defendant's.

We find no express warranty was made by the plaintiffs in the sale. If the circular letter amounted to a warranty (which we do not hold) it was a warranty of the distributor, not of the plaintiffs. *Lardie* v. *Iron Works,* 189 Mich. 210.

If an express warranty is not established, defendant next contends that the sale was one of goods by description, and that thereby is created an implied warranty that they correspond to the description. Uniform sales act (3 Comp. Laws 1915, § 11845); also that section 11846 following creates implied warranty that the article purchased shall be fit for the particular purpose required.

Defendant purchased a radio receiving set. He got it. He got the one plaintiffs recommended, and he had asked for their recommendation. It was never misdescribed to him. He used his own judgment and that of plaintiffs in picking this particular kind. There was no express warranty in connection with the sale, and the statute quoted created none that was not in fact fulfilled.

Judgment affirmed, with costs to plaintiffs.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.