516 P.2d 449 (1973)
JUDD CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff-Appellee,
v.
BOB POST, INC., a corporation, d/b/a Post Leasing, and Chrysler Corporation, a corporation, Defendants-Appellants.
No. 72-357.
Colorado Court of Appeals, Div. 11.
November 20, 1973.
*450 Quiat & Quiat, P. C., Alan H. Bucholtz, Ethan A. Jacobson, Denver, for plaintiff-appellee.
Reidy & Kerwin, Thomas J. Kerwin, Richard W. Breithaupt, Denver, for defendant-appellant, Bob Post, Inc., a Corp., d/b/a Post Leasing.
Helmick, Conover & Burkhardt, Rick G. Davis, Denver, for defendant-appellant, Chrysler Corp.
Not Selected for Official Publication.
COYTE, Judge.
Defendants, Bob Post, Inc., d/b/a Post Leasing, and Chrysler Corporation, appeal from a judgment entered in favor of plaintiff in an action for breach of warranty in connection with the sale of an automobile.
This suit arose from a transaction in which plaintiff purchased a new 1969 Chrysler Imperial automobile for a sale price of $7,847.94, which he prepaid in the form of $5,450 cash and trade of another automobile. All parties agree that the U.C.C. applies to this transaction. The terms of the transaction included the usual new car warranties from the manufacturer for repair or replacement of defective parts.
Mr. Judd, on behalf of plaintiff, took delivery of the automobile on January 8, 1969. Immediately thereafter he experienced numerous and repeated mechanical difficulties with the automobile, including problems with the differential, the heating and airconditioning system, and the brake system, as well as a number of minor defects. These difficulties caused him to take the vehicle to defendant Post and other Chrysler dealers in other cities for repairs.
Plaintiff continued to experience difficulties with the automobile, and on August 25, 1969, pursuant to an agreement between Mr. Judd and the Chrysler district manager, the vehicle was delivered to a representative of Chrysler Corporation for the purpose of conducting tests and repairs. Chrysler retained the vehicle for approximately one month. During this period, Chrysler provided Mr. Judd with another similar automobile for his use. Mr. Judd testified that when the automobile was returned to him it appeared that the major difficulties had been remedied.
On October 3, 1969, an accident occurred which damaged the left rear door and left rear fender. Mr. Judd took the automobile to defendant Bob Post, Inc., for repairs. Thereafter, a lengthy dispute over completion of the repairs and transfer of title developed, and the vehicle was finally returned to Mr. Judd on February 2, 1970. The dispute over repairs continued, and it was finally resolved after inspection of the automobile at an independent repair shop attended by Mr. Judd and representatives of defendants, Bob Post, Inc., and Chrysler Corporation, on April 2, 1970. Mr. Judd testified that during the remainder of 1970 *451 he experienced recurring difficulties with the brake system, the air-conditioning system, and the turn signals on the automobile. On January 2, 1971, plaintiff traded the automobile for a new Buick. Mr. Judd testified that he did not inform the dealer of the difficulties he had encountered with the auto and received a $4,102.25 trade-in allowance on the new car. The Buick salesman who conducted the transaction testified that plaintiff received a normal trade-in allowance for an automobile of that year and mileage.
After trial to the court, the court found that defendants breached their warranties because they were unsuccessful in their attempts to repair the vehicle. The court awarded damages of $3,761.69, a sum computed as the difference between the purchase price paid by plaintiff and the tradein allowance it received on January 2, 1970. In addition, the court ruled that there was no competent evidence to support plaintiff's claim for lost profits. On appeal, defendants contend that there was no breach of warranty and the damages, if any, were improperly computed.
Defendants contend that they did not breach their warranties because they repaired the automobile. The record contains considerable evidence with respect to the time and money expended to correct the defects in the automobile. However, defendants' contentions cannot prevail because Mr. Judd testified and the court found that, although defendants made goodfaith attempts to repair the automobile, the defects were not corrected. On the basis of this finding, the court ruled that the defendants had breached their warranties.
The question of the existence of a warranty and whether that warranty was breached is ordinarily one for the trier of fact. Janssen v. Hook, 1 Ill.App.3d 318, 272 N.E.2d 385; Putensen v. Clay Adams, Inc., 12 Cal.App.3d 1062, 91 Cal.Rptr. 319; C.R. S.1963, XXX-X-XXX (Official Comment). Where, as here, there is competent evidence to support the finding of the trial court, such finding will not be disturbed on appeal. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
Secondly, defendants assert that the trial court erred by applying an improper measure of damages. We agree with defendants' contentions on this issue.
The trial court awarded plaintiff damages in the amount of $3,761.69. The court stated that the damage suffered by plaintiff was the difference between the original purchase price paid for the automobile and the trade-in allowance received when plaintiff sold the automobile in January 1971 plus $15 for repairs expended by plaintiff. The difference between the purchase price of goods and the price received on resale is the proper measure of damages when the buyer rightfully rejects or justifiably revokes acceptance of goods and resells them. C.R.S.1963, XXX-X-XXX & XXX-X-XXX. However, in the instant case, the evidence established that plaintiff accepted and used the automobile. Damages based on rescission which were given by the court was error in that plaintiff had not rescinded the contract and had had the use of the car during the period of his ownership. Accordingly, we conclude that the trial court erred when it computed damages as the difference between the purchase price and the resale price.
The proper measure of damages for cases such as this one is stated in C.R.S.1963, XXX-X-XXX(2), as follows:
"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."
Since the trial court applied the wrong measure of damages, the case must be remanded for a new trial on this issue.
We have examined defendants' remaining assertion of error and find it to be without merit.
*452 The judgment is affirmed with respect to the existence of a breach of warranty, and reversed with respect to the award of damages; and the cause is remanded for a new trial on the issue of damages.
PIERCE and SMITH, JJ., concur.